33 N.Y.2d 848 (1973)
Keystone Associates, Respondent,
v.
State of New York, Appellant. (Claim No. 49592.)
Court of Appeals of the State of New York.
Argued November 13, 1973.
Decided December 27, 1973.
Louis J. Lefkowitz, Attorney-General (Grace K. Banoff and Ruth Kessler Toch of counsel), for appellant.
David Brady, Bernard D. Bergreen and Carl Golden for respondent.
Concur: Chief Judge FULD and Judges BURKE, GABRIELLI, JONES and WACHTLER. Judge BREITEL dissents and votes to reverse in the following opinion in which Judge JASEN concurs.
*850 Order affirmed, with costs, on the opinion at the Appellate Division. Question certified answered in the affirmative.
BREITEL, J. (dissenting).
I dissent and vote to reverse and dismiss the claim for the reasons stated in the dissenting opinion at the Appellate Division. Moreover, the analysis by the majority at the Appellate Division and in this court is based on a verbal non sequitur. The statute held unconstitutional in Matter of Keystone Assoc. v. Moerdler (19 N Y 2d 78) was struck down not because it effected an appropriation but because, if given effect, it would have accomplished an appropriation without full compensation to the owners as required by the Federal and State Constitutions. Hence, the statute struck down accomplished nothing just because it was void. To provide compensation in this action as damages in "quasi-tort" for the aborted "appropriation" would now in effect supply, judicially it is true, the very defect which made the statute void. If that were legally possible the statute should never have been struck down in the first instance.
Beyond the special rules of law governing de facto appropriations by public bodies with power of eminent domain, which does not involve unconstitutional legislation in any event, there is no provision in precedent or statutory law for compensating owners of property because of the impact of unconstitutional legislation. If there were, the scope of liability would literally be unlimited, when one considers the innumerable areas of emergency legislation, often of doubtful constitutionality at least at the inception, affecting rents, mortgages, legal tender, police power regulation, law enforcement procedures, licensing regulation of every kind, and the like.
*851 The rule laid down in this case is not only novel but may foretell a broad questionable policy of providing a tort remedy for the harmful effects of unconstitutional legislation. One consequence could well be the failure of or the delay in resistance to unconstitutional legislation until the quantum of damages has increased to make resistance worthwhile.
Order affirmed, etc.