**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William PETERS, a/k/a Henry Conrad,
Defendant-Appellant.**

No. 79–1386.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 3, 1979.

Decided April 1, 1980.

**9.** 29 C.F.R. § 1910.1000.

David B. Feingold, Janesville, Wis., for defendant-appellant.

William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before CUMMINGS, TONE and CUDAHY, Circuit Judges.

PER CURIAM.

Defendant and Dale Campbell were charged in a 10-count indictment describing various narcotics law violations. A jury convicted each defendant under all of the counts applicable to him. Judge Gordon sentenced defendant under the eight counts involving him as follows:

Under Count I, which charged defendant and Campbell with a conspiracy under 21 U.S.C. § 846 to commit offenses related to his illegal importation of heroin, including violations of 21 U.S.C. §§ 957(a)(1), 960(a)(1), 841(a)(1), 843(b), and 18 U.S.C. § 1952(a)(3): fifteen years; [1]

Under each of Counts II, III and IV, variously alleging substantive violations of 21 U.S.C. §§ 957(a)(1), 960(a)(1) and 841(a)(1): fifteen years plus a special parole term of three years, the sentences to run concurrently with each other and with the sentence imposed under Count I;

Under Count V charging a violation of 18 U.S.C. § 1952(a)(3): five years, to run concurrently with the other sentences;

Under each of Counts VI, VIII and X dealing with violations of 21 U.S.C. § 843(b): four years, to run concurrently with each other and with the terms of the previous counts.

We affirm the judgment of conviction with respect to all eight counts applicable to defendant.

*Removal of Juror Siner*

Defendant argues that Judge Gordon's premature replacement of a tardy juror on the final day of trial constituted a denial of

---

**1.** The five substantive statutes specified in the conspiracy count are listed herein in the same order as in Count I of the indictment. Counts I(b), II, VI, VIII and X also charge violations of 18 U.S.C. § 2, which makes aiders and abettors guilty as principals.

his right to a jury trial. The record shows that at the end of the third day of trial, the judge informed the jurors that the court would commence the following day at 10:00 a. m. and that the jurors should be "in the jury room shortly before 10:00 o'clock tomorrow morning" (Tr. 438). Nevertheless, on the next morning Juror Mary Siner had not appeared by 10:05 a. m. and the judge therefore ordered Ms. Siner replaced by an alternate juror.

■ Rule 24(c) of the Federal Rules of Criminal Procedure specifically authorizes a trial judge to order alternates to replace jurors "who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties." It is established that the decision to remove a juror under Rule 24(c) is committed to the sound discretion of the trial judge, *United States v. Smith*, 550 F.2d 277, 280 (5th Cir. 1977), certiorari denied *sub nom. Wallace v. United States*, 434 U.S. 841, 98 S.Ct. 138, 54 L.Ed.2d 105; *United States v. Jones*, 534 F.2d 1344, 1346 (9th Cir. 1976), certiorari denied, 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 108; *United States v. Domenech*, 476 F.2d 1229, 1232 (2d Cir. 1973), certiorari denied, 414 U.S. 840, 94 S.Ct. 95, 38 L.Ed.2d 77, and there is no abuse of that discretion if the record shows some legitimate basis for his decision. *United States v. Rodriguez*, 573 F.2d 330, 332 (5th Cir. 1978). These decisions reflect the judgment that although the defendant may in some circumstances have a "right to have his trial completed by a particular tribunal", *United States v. Jorn*, 400 U.S. 470, 484, 91 S.Ct. 547, 557, 27 L.Ed.2d 543, that right must often give way to competing concerns such as the need for judicial efficiency. Partly for this reason, moreover, some showing of prejudice is ordinarily necessary before a conviction will be overturned on this ground. *United States v. Rodriguez, supra,* at 332.

■ There is no abuse of discretion in dismissing the tardy juror here. *United States v. Domenech, supra,* at 1232 (2d Cir. 1973). The judge had clearly informed the jury of the time to reconvene and all the other jurors understood his instructions. Since the day in question was the last day of trial, counsel were prepared at the opening of court to give their closing arguments and the court itself was prepared to charge the jury. Judge Gordon doubtless did not want to delay the start of these proceedings out of a concern that the trial would carry beyond the end of the day.[2] Here the failure of defendant's counsel to object at trial to the replacement of a juror argues against the existence of prejudice. He could not have known at 10:05 a. m. that Ms. Siner would appear at 10:10 a. m., so that it is only hindsight that permits defendant to say that the judge could have waited for her. It would have been preferable to launch a telephone inquiry into her whereabouts, but Judge Gordon may reasonably have believed that inquiry would be unavailing or in any event too disruptive to undertake on the last day of trial.

Nor does Rule 24(c) require, as defendant suggests, that Judge Gordon conduct such an inquiry, for it authorizes him to replace jurors who "become * * * disqualified" (*United States v. Rodriguez, supra,* at 332), and it is difficult to imagine a more complete disqualification than a failure to appear. In addition, neither counsel for defendant nor counsel for codefendant Campbell objected to Ms. Siner's being replaced by an alternate, thereby waiving any further objection to the trial court's action. *Fabian v. United States*, 358 F.2d 187, 191 (8th Cir. 1966), certiorari denied, 385 U.S. 821, 87 S.Ct. 46, 17 L.Ed.2d 58. This silence also suggests that counsel made the permissible judgment that no prejudice would result from the substitution, and defendant has advanced no assertion of prejudice before this Court.

*Imposition of a Special Parole Term under Count I Was Authorized.*

■ Count I charged defendant and Dale Campbell with a conspiracy under 21 U.S.C. § 846 to violate five federal statutes. Section 846 provides as follows:

**2.** As it developed, the jurors were not given the case until 3:00 p. m. that day.

"Any person who attempts or conspires to commit any offense defined in this subchapter [13 of Title 21] is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Defendant relies on *United States v. Mearns*, 599 F.2d 1296 (3d Cir. 1979), petition for certiorari filed, 48 LW 3276, in arguing that a special parole term could not be imposed on him for violating Section 846 because that Section makes no mention of parole. Five other Circuits have persuasively held to the contrary.[3] Section 846 was designed to permit courts to impose the maximum punishment prescribed for the substantive offenses that were the object of the conspiracy. A special parole term on violators is a non-discretionary part of the punishment for those offenses, with no existence separate from the prison sentence. Rather than suggest that Congress meant to preclude imposition of the special parole term under Section 846, the absence of any explicit reference to that punishment reflects the integral nature of the term to the sentence imposed. The parole term is thus a part of Section 846 and the substantive Sections of the Comprehensive Drug Abuse Prevention and Control Act of 1970 and the district court acted properly in imposing it under Count I.

*The Sentence Imposed under Count I Is Not Excessive.*

▆▆ Defendant argues that the 15-year sentence he received under Count I was excessive because several of the substantive offenses underlying the conspiracy charged in that count have maximum sentences of less than 15 years. Since, defendant asserts, it is not certain which of the substantive offenses formed the basis of the jury's decision to convict on Count I, the 15-year sentence was improper. The discretionary concurrent sentence doctrine makes it unnecessary for us to consider fully the 15-year term imposed under Count I. *Andresen v. Maryland*, 427 U.S. 463, 469 n. 4, 96 S.Ct. 2737, 2743 n. 4, 49 L.Ed.2d 627; *Benton v. Maryland*, 395 U.S. 784, 791, 89 S.Ct. 2056, 2060, 23 L.Ed.2d 707. Apart from his unavailing challenge to the replacement of juror Siner, defendant has not challenged his convictions under Counts II, III, and IV, all of which carried 15-year sentences. The very number of these sentences makes it unlikely that the sentence under Count I will ever independently give rise to a curtailment of defendant's rights.[4] Further, since the transcript of the sentencing proceedings reveals that Judge Gordon was not influenced by defendant's conviction under Count I when imposing concurrent 15-year sentences under these other counts (Apr. 4, 1979, Tr. 9), there is no reason not to apply the concurrent sentence doctrine here.

In any event, Count I does not refer to the five substantive offenses in the disjunctive, and since the jury convicted defendant of the offenses in Counts II, III, IV, VI, VIII, and X that were the objects of the alleged conspiracy, it is reasonable to conclude that the jury found defendant guilty of a conspiracy to commit all five of the substantive offenses listed in Count I. This conclusion is consistent with the broad instructions given (Tr. 567–574) and the jury's general verdict. For his part defendant failed to request any instructions to cure the defect he finds in Count I. Since 21 U.S.C. § 841(a)(1), one of the underlying substantive offenses of the conspiracy

---

**3.** *United States v. Sellers*, 603 F.2d 53, 58–59 (8th Cir. 1979); *Bifulco v. United States*, 600 F.2d 407, 409–410 (2d Cir. 1979), certiorari granted, —— U.S. ——, 100 S.Ct. 205, 62 L.Ed.2d 133; *Cantu v. United States*, 598 F.2d 471, 472 (5th Cir. 1978); *United States v. Burman*, 584 F.2d 1354, 1357–1358 (4th Cir. 1978), certiorari denied, 439 U.S. 1118, 99 S.Ct. 1026, 59 L.Ed.2d 77 and *sub nom. Walker v. United States*, 440 U.S. 922, 99 S.Ct. 1248, 59 L.Ed.2d 474 and *United States v. Jacobson*, 578 F.2d 863, 868 (10th Cir. 1978), certiorari denied, 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327.

**4.** *United States v. Hamilton*, 420 F.2d 1096, 1099 (7th Cir. 1970). See *Wright v. United States*, 519 F.2d 13, 19–20 (7th Cir. 1975), certiorari denied, 423 U.S. 932, 96 S.Ct. 285, 46 L.Ed.2d 262; *United States v. Tanner*, 471 F.2d 128, 140 (7th Cir. 1972), certiorari denied, 409 U.S. 949, 93 S.Ct. 269, 34 L.Ed.2d 220.

count, provides for a maximum 15-year penalty, the district judge was entitled to impose that sentence under 21 U.S.C. § 846, which as noted allows "the maximum punishment prescribed for the offense, the commission of which was the object of the * * conspiracy."[5]

Judgment affirmed.

---

5. In a footnote defendant urges that the judgment under Count I should be reversed because 21 U.S.C. § 846 covers conspiracies to commit substantive offenses "defined in this subchapter". Yet the non-disjunctive character of Count I means that defendant must have been found guilty of conspiring to violate 21 U.S.C. § 841(a)(1), which is within the same subchapter of Title 21 as Section 846 and carries the maximum 15-year term.