**Theodore DONALDSON, Jr., Petitioner,**

**v.**

**Hon. S. DALSHEIM and Hon. Robert Abrams, Respondents.**

**No. 80 Civ. 0204 (GLG).**

United States District Court,
S. D. New York.

Feb. 20, 1981.

Theodore Donaldson, Jr., pro se.

Robert Abrams, Atty. Gen. of the State of N. Y., New York City, for respondent Dalsheim; Paul E. Milbauer, Asst. Atty. Gen., New York City, of counsel.

1. Petitioner also filed an earlier petition for a writ of habeas corpus (before his appeal), which was denied by Judge Edward Weinfeld

## OPINION

GOETTEL, District Judge:

Theodore Donaldson, Jr. has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted on September 29, 1975, of selling narcotics in violation of New York State law and sentenced to two concurrent indeterminate terms of six years to life imprisonment and one year to life imprisonment. The Appellate Division, First Department affirmed his conviction on November 3, 1977, and leave to appeal to the Court of Appeals was denied on December 8, 1977. Although petitioner completed serving his sentence shortly after filing this petition and is now out on parole, his petition is not thereby rendered moot. *See Carafas v. La Vallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Taylor v. Lombard,* 606 F.2d 371, 372 n.1 (2d Cir. 1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1346, 63 L.Ed.2d 781 (1980).

Petitioner presents four grounds in his petition: (1) that the evidence at trial was insufficient to allow the jury to find him guilty beyond a reasonable doubt; (2) that the prosecutor's summation, in which he commented on the failure to produce certain witnesses and vouched for the credibility of a prosecution witness, was so improper as to mandate a new trial; (3) that the court's refusal to allow examination of a prosecution witness concerning his possible motives to falsify his testimony was error; and (4) that he was entitled to a hearing to determine whether he was the victim of selective or discriminatory prosecution in having his case tried in state court rather than federal court. Since these are the same grounds on which petitioner appealed in the state courts, he has exhausted his state remedies in satisfaction of 28 U.S.C. § 2254(b) & (c).[1]

### Sufficiency of the Evidence

■ Donaldson was arrested for selling cocaine to undercover agents of the federal Drug Enforcement Administration ("DEA"). He was charged with violation of both federal and state narcotics laws, but

in November 1975, on the ground that petitioner had not exhausted his available state remedies.

was tried only in state court.[2] At his state trial, the prosecution's case consisted principally of the testimony of Joseph Sullivan, the DEA special agent who purchased the cocaine from Donaldson, and tape recordings of telephone conversations between Donaldson and Sullivan. In his defense, Donaldson did not deny selling the cocaine to Sullivan. Instead, he testified that he was merely acting as Sullivan's agent in buying cocaine for the federal authorities in order to aid them in gaining evidence against the narcotics sellers from whom Donaldson was obtaining the cocaine.[3] Donaldson claimed that he had been solicited for this role by Robert Tave, an informant, who had, in fact, introduced Donaldson to Sullivan.[4] In the State's rebuttal, Robert Tave testified, corroborating some of Donaldson's story but denying that he had solicited Donaldson as a police agent.

The standard for granting a habeas corpus petition on the ground of insufficient evidence to support a finding of guilt beyond a reasonable doubt is a very stringent one. The test, according to the Supreme Court, is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 *reh. den.* 444 U.S. 890,

100 S.Ct. 195, 62 L.Ed.2d 126 (1979) (emphasis in original).

Under this standard, and viewing the evidence in the light most favorable to the prosecution, this Court finds that a rational fact finder could have found Donaldson guilty. On the crucial question of whether Donaldson was acting solely as the agent of the buyer, Sullivan, there was conflicting evidence. On the one side was Donaldson's testimony on his own behalf. On the other was Tave's testimony and the tapes of the telephone conversations, in which there was no support for Donaldson's claim that he was acting as a police agent. The circumstances of the purchase of the cocaine, in which Donaldson took Sullivan's money to the supplier and then returned with the cocaine rather than bringing the cocaine to Sullivan and then returning with the money, do not seem to the Court to rule out the possibility of Donaldson's acting as an agent for the seller. Obviously, the jury did not view the circumstances that way. At any rate, the record does not warrant impinging on the jury's discretion. *See id.*

*The Prosecutor's Summation*

 The prosecutor's comments in his summation about Donaldson's failure to call his wife and Robert Tave as witnesses to support his agency defense[5] and the prosecutor's vouching for the credibility of the State's witnesses, particularly Robert Tave,[6]

**2.** After his arrest in September 1973, Donaldson was arraigned in the United States District Court for the Eastern District of New York for violation of federal narcotics laws. In April 1974, on the basis of the same transactions, he was indicted by a New York State grand jury and charged with violating state narcotics laws. In May 1974, the federal charges against him were dropped.

**3.** If Donaldson had acted *solely* as an agent for the buyer, he could not be convicted of the crime of selling narcotics under New York law, although he could have been charged with and convicted of possession. *People v. Roche*, 58 A.D.2d 783, 396 N.Y.S.2d 367 (1st Dep't 1977), *aff'd*, 45 N.Y.2d 78, 379 N.E.2d 208, 407 N.Y. S.2d 682, *cert. denied*, 439 U.S. 958, 99 S.Ct. 359, 58 L.Ed.2d 350 (1978).

**4.** Donaldson testified that he knew Sullivan was a police officer because he had observed recording devices on Sullivan. He also testified

that he was helping Tave, as he had helped him before, on other projects, not for any profit for himself but because Tave otherwise would have reported Donaldson's activities as a numbers runner.

**5.** *See, e. g.*, prosecution summation at transcript page 32:

Have you thought why, as Donaldson has told you his own wife knew Tave for somewheres in the area of the last ten to fifteen years. She bought carpeting off the man when he was a rug salesman, she knew the man. How come she didn't tell him, how come we don't hear any evidence of her coming in here and telling you that she told him that Tave was a police officer?

**6.** *See, e. g.*, prosecution summation at transcript page 38:

Think about this particular case. What motive does Tave have to lie to you? He

may very well have been improper. *See, e. g., People v. Mirenda,* 23 N.Y.2d 439, 457, 245 N.E.2d 194, 203–04, 297 N.Y.S.2d 532, 546 (1969). Furthermore, prosecutorial misconduct is cognizable on a petition for a writ of habeas corpus. *Mooney v. Holohan,* 294 U.S. 103, 112–13, 55 S.Ct. 340, 341–42, 79 L.Ed. 791 (1935); *United States ex rel. Meers v. Wilkins,* 326 F.2d 135, 136 (2d Cir. 1964). Such misconduct must be egregious, however, before it will be deemed to rise to the level of a due process violation and thus to warrant the granting of a petition. *See, e. g., Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (prosecutor withheld exculpatory evidence); *United States ex rel. Meers v. Wilkins, supra* (same). Prosecutorial statements, even though they may be improper or unethical, are usually not enough to warrant granting a petition. *See Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Ketchum v. Ward,* 422 F.Supp. 934, 944 (W.D.N.Y.1976), *aff'd mem.,* 556 F.2d 557 (2d Cir. 1977) (citing *Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)).

■ In the instant case, since the defense summation included a strenuous attack on Robert Tave's credibility,[7] it was understandable, if improper, that the prosecutor responded by asserting Tave's truthfulness. At any rate, in the context of the entire trial, neither these comments nor the comments on Donaldson's failure to call certain witnesses appear to be "so prejudicial" that they render the trial "fundamentally unfair." *Alvarez v. Estelle,* 531 F.2d 1319, 1323 (5th Cir. 1976), *cert. denied,* 429 U.S. 1044, 97 S.Ct. 748, 50 L.Ed.2d 757 (1977).

## Cross-examination Regarding Motive to Falsify Testimony

During the trial testimony of another DEA special agent, Edmund Cremin, defense counsel sought to cross-examine the witness on "whether he attempted to get from Mr. Donaldson certain information and assured him that cooperation would make things easier on him." The trial judge refused to allow the cross-examination on that subject on the ground that it was irrelevant. Defense counsel objected to the ruling, arguing that the testimony would be relevant to the witness's motive to arrest Donaldson. On appeal and in his petition, Donaldson argued that the testimony would have been relevant to the witness's motive to falsify his testimony.

■ Petitioner may be barred from raising a different ground on appeal or in a habeas corpus petition from the one on which he objected originally. *See Bloodgood v. Lynch,* 293 N.Y. 308, 56 N.E.2d 718 (1944). *See also Wainwright v. Sykes,* 433 U.S. 72, 85–91, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977). Aside from the problem of the trial judge's lack of opportunity to rule on the objection as now presented, however, the error, if there was any, was probably harmless. *See DuBose v. Lefevre,* 619 F.2d 973, 979 (2d Cir. 1980); *People v. Stridiron,* 33 N.Y.2d 287, 307 N.E.2d 254, 352 N.Y.S.2d 179 (1973); *People v. Ricks,* 51 A.D.2d 1062, 387 N.Y.S.2d 527 (2d Dep't 1976). The testimony of Cremin was essentially corroboration of Agent Sullivan's testimony and was not nearly so important as that of Sullivan and Tave. Furthermore, neither in his appeal brief nor in his petition for a writ of habeas corpus does Donaldson

---

admitted his own illegal activity. He told you he carried his gun, that is a felony right there. He told you that he sold license plates and he told you he's a wheeler-dealer. He admitted a lot of bad things, so if he was going to lie to you, why didn't he just leave all of that out? Why didn't he come on a little less strong? Because he didn't lie to you, he got his money in this case so he had no reason to fabricate to you. And, are the agents going to lie to you? Are they going to risk their jobs, reprimand, suspension, expulsion, prejury [*sic*] indictment trial? Are

they—are they going to assume that responsibility for T.D. [Donaldson] out of 8,000,000 people in New York City?

7. *See, e. g.,* defense summation at transcript page 16:

I don't know, I really—I can go into a series of discussions about Bob's [Tave's] personality, his activities during this dirty nature of this business. You saw him on the stand, you heard his answers. Do you think he had any credibility whatsoever?

suggest what testimony Cremin might have falsified. Finally, the testimony of Cremin did not deal with the crucial issue in the case—that of Donaldson's agency defense. Thus, even if there was error here, the Court finds that it does not rise to the level of denial of due process.

*Selective Prosecution*

■ Petitioner's final claim concerns his contention that a hearing should have been held to determine whether his prosecution in state court rather than federal court constituted selective or discriminatory prosecution. On appeal, Donaldson argued that his case was in effect transferred from federal court to state court, where he was likely to be punished more severely, because of his failure to cooperate with federal investigators.

This ground, like the other three, is unavailing. "A defendant has no constitutional right to elect which of two applicable statutes shall be the basis of his indictment and prosecution." *Hutcherson v. United States*, 345 F.2d 964, 967 (D.C.Cir.), *cert. denied*, 382 U.S. 894, 86 S.Ct. 188, 15 L.Ed.2d 151 (1965). This is true even where there are widely differing penalties available under the two statutes. *Id.* Since the principle of prosecutorial discretion allows for some selectivity, *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962), this Court finds no constitutional violation in the fact that federal charges against Donaldson were dropped, leaving him to be prosecuted in state court. *See* note 2 *supra*.

For the reasons stated, this petition is hereby denied.

SO ORDERED.