# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3030

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Aleksandr Maksimov, also known as | * | [NOT TO BE PUBLISHED] |
| Alexander Allen, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  February 13, 2002

Filed:   May 9, 2002

_____

Before WOLLMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Aleksandr Maksimov was convicted of three counts of mail fraud, two counts of bank fraud, and one count of money laundering, violations of, respectively, 18 U.S.C. § 1341, 18 U.S.C. § 1344, and 18 U.S.C. § 1956(a)(1)(A)(i).  The charges resulted from a scheme in which Maksimov purchased automobiles in the United States, shipped them to Europe for resale, and then reported them stolen in an attempt

to collect the insurance proceeds.  The district court[1] sentenced Maksimov to sixty months in prison on each count to be served concurrently, together with three- and five-year terms of supervised release, also to be served concurrently.

At different times during trial, Maksimov's counsel noticed that three of the jurors appeared to be asleep or inattentive.  Counsel made a motion for mistrial, which the district court denied.  Maksimov renewed the motion just prior to closing arguments, and again the district court denied it.  Maksimov now appeals the denial of his mistrial motion and requests a new trial.  We review a district court's denial of a mistrial motion for abuse of discretion.  United States v. Edwards, 994 F.2d 417, 424 (8th Cir. 1993).

Where the "record shows a legitimate basis for [the court's exercise of its] discretion, there is no abuse of that discretion."  United States v. Key, 717 F.2d 1206, 1209 (8th Cir. 1983) (citing United States v. Peters, 617 F.2d 503, 505 (7th Cir. 1980) (no abuse of discretion in removal of late juror)).  During trial, Maksimov's counsel alerted the district court to her concerns about three jurors who appeared to be sleeping or inattentive.  Upon the renewal of the motion for mistrial, the court stated that it had watched the jury to see if there were any problems with sleeping jurors.  The court stated that it had observed that juror five had apparently fallen asleep "on a couple of occasions," and noted that this juror had had trouble staying awake early on during the trial.  Accordingly, the court replaced this juror with an alternate.  In the light of this record, we find no abuse of discretion in the denial of the motion for mistrial.  See United States v. Evans, 272 F.3d 1069, 1087 (8th Cir. 2001) (finding no abuse of discretion where district judge upon being informed that one juror had been sleeping, observed jury, decided that juror seemed "okay," and declined to grant mistrial).

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Furthermore, general assertions that jurors who slept through "'the critical presentation of [defendant's] evidence and the cross-examination of witnesses for the prosecution'" are too vague to warrant a mistrial. United States v. Tierney, 947 F.2d 854, 868-69 (8th Cir. 1991) (quoting Tanner v. United States, 483 U.S. 107, 125 (1987)). Maksimov's only assertion of prejudice is that one of the inattentive jurors admitted during voir dire that he had been an insurance adjuster. Maksimov thus concludes that the juror must have relied on his experience rather than on the evidence adduced at trial. Maksimov neither states what evidence was introduced while the juror was asleep nor attempts to tie that evidence to the charges against him. Such a speculative claim does not warrant the grant of a new trial.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.