Tommy WALKER, Gary Miller,
Raymond Cobbs,
Petitioners,

v.

UNITED STATES of America,
Respondent,

No. 5:00–CV–1112.

United States District Court,
N.D. New York.

June 2, 2004.

Tommy Walker, Gary Miller, Raymond Cobb, Lewisburg, PA, Petitioners, pro se.

Glenn T. Suddaby, United States Attorney, Northern District of New York, Syracuse, Richard R. Southwick, Assistant United States Attorney, of Counsel.

## ORDER

MUNSON, Senior District Judge.

Petitioners bring this motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) seeking reconsideration of this court's order of February 11, 2004, which denied petitioners' § 2255 motion. A motion to reconsider a § 2255 ruling shall be filed no later than ten days after entry of the challenged order. *Williams v. United States,* 984 F.2d 28 (2d Cir.1993). In the instant case, the motion was timely filed within the ten day limitation period.

■ A Rule 59(e) motion to alter or amend a judgment should only be granted where the court has overlooked factual issues or controlling decisions which were presented to it on the underlying motion. *Cohen v. Koenig,* 932 F.Supp. 505, 506–07 (S.D.N.Y.1996); *Farkas v. Ellis,* 783 F.Supp. 830 (S.D.N.Y.), aff'd. 979 F.2d 845 (2d Cir.1992). Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. *F.D.I.C. v. World University, Inc.,* 978 F.2d 10, 16 (1st Cir.1992).

■ Rule 59(e) "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Ades v. Deloitte & Touche,* 843 F.Supp. 888, 892 (S.D.N.Y.1994). The decision to grant or deny a Rule 59(e) motion rests in the discretion of the district court. *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983).

■ In ruling on petitioners' § 2255 motion, this court found that six of the grounds raised therein had been procedur-

ally defaulted. Petitioners now assert that they are actually innocent of the sentences imposed, and in such circumstances, a habeas court can apply the miscarriage of justice exception to a procedural default to correct a fundamentally unfair incarceration. *Washington v. James,* 996 F.2d 1442, 1450 (2d Cir.1993), and/or that the six grounds were not defaulted because they raised an ineffective assistance of counsel claim.

█ Petitioners argue when there is a general verdict of conviction for conspiring to possess a controlled substance, and more then one substance is involved, the court is to assume the conviction is for conspiracy to possess a controlled substance that carries most lenient statutorily prescribed sentence, but the trial court, although it did not have jurisdiction to do so, gave them illegal sentences that exceeded the most lenient statutory prescribed sentence. *United States v. Barnes,* 158 F.3d 662 (2d Cir.1998). Therefore, their § 2255 motion could be construed as seeking habeas relief on the grounds of actual innocence, and is not subject to procedural default.

The holding in *Barnes,* is not applicable in the instant case. In *Barnes* the jury returned a general guilty verdict on a single count of conspiracy involving multiple controlled substances. The counts upon which petitioners Miller and Cobbs were convicted did not involve multiple controlled substances.

Petitioner Miller was convicted on a single count of Conspiracy to Possess and Distribute and to Distribute Cocaine Base, a single count of Aiding and Abetting Possession with intent to Distribute Cocaine, and two individual counts of Aiding and Abetting Possession with Intent to Distribute Cocaine Base.

Petitioner Cobbs was convicted on individual counts of Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine base; Aiding and Abetting Possession With Intent to Distribute Cocaine Base; Aiding and Abetting Possession With Intent to Distribute Methamphetamine; and, Unlawful Possession of a Firearm by a Felon.

Therefore, since there was only one controlled substance involved in each of the narcotic convictions of these two individuals, there was no statutory compunction for the court to impose sentences shorter then they received.

█ With regard to petitioner Walker, even if he was convicted on a single count containing multiple controlled substances, unlike the appellant in *Barnes,* the jury also convicted Walker of possession with attempt to distribute cocaine base. In *United States v. Orozco–Prada,* 732 F.2d 1076, *cert. denied,* 469 U.S. 845, 105 S.Ct. 154, 155, 83 L.Ed.2d 92 (1984), which *Barnes* itself affirmed as authoritative, the Second Circuit adopted an exception to the general verdict doctrine, citing, *United States v. Peters,* 617 F.2d 503 (7th Cir. 1980). *Peters* holds that where a jury also convicts a defendant of offenses that were the object of an alleged conspiracy, it is reasonable to conclude that the jury found the defendant guilty of conspiracy to commit that substantive offense. *Id.* at 506. Since Walker was also convicted of possession with intent to distribute cocaine base, the court could reasonably infer that the jury convicted Walker for conspiracy to possess cocaine base despite the absence of a special verdict on that count.

Petitioners' contention that their procedural default can be considered because there are seeking relief on the grounds of actual innocence is without merit.

Petitioners' further assert that the six claims set forth in their petition at paragraphs 2,4,5,6,7 and 8, were not procedur-

ally defaulted because they requested that they all be considered under ineffective assistance of counsel. In their current motion, petitioners concede that advisory trial counsel Sal Piemonte, Esq., was not ineffective at trial, but claim that he was ineffective as appellate counsel. (Petition p. 13).

■ In order to sustain a claim for ineffective assistance of trial counsel it must be shown that (1) counsel' performance was deficient and, (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2952, 2054, 90 L.Ed.2d 674 (1984). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". A reasonable probability is a probability sufficient to undermine the confidence in the result *Id.* at 694, 104 S.Ct. 2052. The *Strickland* test applies to challenges of the effectiveness of both trial and appellate counsel. *Abdurrahman v. Henderson*, 897 F.2d 71, 74 (2d Cir.1990).

Petitioners set forth the following claims they maintain should have been raised on direct appeal, but their appellate counsel failed to do so:

1) the indictment is jurisdictionally defective because it failed to include all the elements of the crime charged and essential facts, and failed to provide proper notice in violation of the Fifth and Sixth Amendments of the U.S. Constitution;

2) a letter from a non-testifying witness deprived petitioner Walker from his Sixth Amendment right to confront a witness against him;

3) the government interfered with petitioner Walker's attorney-client relationship thereby violating his Fifth and Sixth Amendment rights and left the court without jurisdiction;

4) petitioner Walker was denied a right of a unanimous verdict in violation of Federal Rule of Civil Procedure 31(a) and the Sixth Amendment;

5) petitioner Walker's being detained without bail for over four hundred days violated the Due Process clause of the Fifth Amendment and his right to a speedy trial under the Sixth Amendment;

6) petitioner Walkers' prosecution was brought selectively, vindictively and for an improper purpose;

7) the search and seizure in this case were unreasonable and in violation the Fourth Amendment;

8) the testimony of an alleged accomplice, and the testimony of one who provided evidence against a defendant as a informer for pay or for immunity from punishment or for personal advantage, denied petitioner Walker Due Process of Law.

■ While failure to raise a claim of ineffective assistance of trial counsel on direct appeal will not result in a procedural default where trial counsel was also appellate counsel, *Abbamonte v. United States*, 160 F.3d 922, 923 (2d Cir.1998), the claims petitioners have raised are without substance and, thus, no prejudice could have occurred.

■ It must first be noted that petitioners' 1 and 3 Grounds were considered and rejected in this court's decision on petitioners' § 2255 motion, and the court finds no reason to alter the rulings it made on these Grounds. Grounds 2 and 8 were raised on direct appeal, and were rejected by the appellate court and need not be further considered by this court.

In ground 4, petitioner Walker claims he was denied his right to a unanimous jury

verdict because the trial court did not instruct the jury that they must unanimously agree on each of the offenses comprising the "continuing series" in a Continuing Criminal Enterprise ("CCE"), citing *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999).

In *Santana–Madera v. United States*, 260 F.3d 133 (2d Circuit 2001), the Second Circuit found that a *Richardson* type jury instruction was subject to harmless error review. *Id.* at 140. The error in that case took place when the district court did not require the jury to specifically and separately agree on each of the three violations that made up the "continuing series of violations" needed for a CCE conviction. *Id.* However, in addition to the CCE count, the jury also convicted Santana–Madera of eight substantive counts of cocaine distribution and a single count of conspiring to distribute cocaine. Therefore, the jury unanimously agreed on at least nine major violations of the federal drug laws, any three of which are sufficient to establish the "continuing series of violations" under *Richardson* and 21 U.S.C. § 848 In the case at bar, petitioner Walker was convicted of the CCE count as well as 4 counts of cocaine distribution, 2 counts of cocaine base distribution and 2 counts of methamphetamine distribution and a single count of conspiracy to distribute cocaine base. If the trial court had given the jury the instructions mandated by *Richardson*, it is beyond question that the jury would have unanimously agreed on three predicate violations of the drug laws. They unanimously agreed on nine such violations making the error here clearly harmless.

Petitioner Walker's Ground 5 claims of bail denial and violations of the Speedy Trial Act, and his Ground 7 unreasonable search and seizure claims, were previously considered and denied by this court in the decisions it made on petitioner Walker's omnibus motion seeking pretrial relief Petitioner Walker's denial of bail claim was considered by this court when it reviewed and affirmed the denial by Magistrate Judge DiBianco of that portion. Walker's omnibus motion seeking revocation of his detention order. A summary of the portion of this court's order of April 23, 1996 affirming the Magistrate Judge's findings is set forth below.

Magistrate Judge DiBianco issued an order to detain petitioner Walker pending trial because the government proved by a preponderance of the evidence that Walker presented a substantial risk to the community, and that the government had also proved by clear and convincing evidence that Walker presented a danger to the community. The Magistrate Judge's findings were based on (1) the nature of the circumstances of the offense charged, (2) the weight of the evidence against Walker, (3) his personal history and characteristics, including his character, past conduct, criminal history and whether he was on supervised release at the time of the charged offense and (4) the danger he posed to the community by being released.

This court fully considered the Magistrate Judge's findings before issuing its order approving them.

With regard to risk of flight, Walker requested the court to consider his diligence in appearing in court in a prior criminal case in which he was charged with various felonies. The Bail Rail Reform Act (18 U.S.C. § 1342 *et seq.*) creates a rebuttal presumption that a person accused of a serious narcotics offense will flee before trial. *United States v. Mercedes*, 254 F.3d 433 (2d Cir.2001). In the present case, Walker is charged with multiple counts of illegal possession of narcotics in violation of 21 U.S.C. §§ 841 and 848, as well as firearms violations under 18

U.S.C. § 371 and § 922(g). If Walker was convicted of these various offenses, he could be sentenced to a substantial period of imprisonment, with the possibility of a term for life. Furthermore, Walker's previous behavior with regard to making court appearances is only one factor for the court to consider. Therefore, the court finds that Walker has not provided sufficient evidence to rebut the presumption that he will flee if released on bail.

Additionally, even if the court concludes that Walker was not a flight risk, the government sufficiently demonstrated that he posed a substantial danger to the community. Walker was on parole from a 2 to 6 year sentence from a conviction for Criminal Possession of a Weapon at the time the current charges were brought against him. The prosecution averred that as part of Walker's conducting a Continuing Criminal Enterprise, he used violence and intimidations on many occasions against numerous individuals, including some co-defendants in the current proceeding against him. The prosecution intended to call these co-defendants to testify against him at trial.

In support of his contention that he did not pose a threat of risk of harm to others, Walker submitted recent letters to the court assumed to be from several of his co-defendants. Walker claimed that the content of these letters showed that these people did not fear him. The court reviewed these letters and concluded that Walker did not present sufficient evidence to establish that the Magistrate Judge's findings with respect to the likelihood that Walker poses a serious danger were erroneous. Nor did Walker suggest any new conditions that could reasonably assure the safety of the community.

After a careful review of the Magistrate Judge's, findings and the record before the court, the court held that the government had proven by clear and convincing evidence that no condition or combination of conditions existed that would reasonably assure the safety of the community. The court also decided that the government had shown by a preponderance of the evidence that defendant Walker posed a serious risk of flight, and his motion for revocation of his detention order was denied.

The court finds no reason to alter the prior ruling it made on this ground.

Walker's § 2255 motion indicates that after his indictment, the government used improper tactics in securing the grand jury's issuance of superceding indictments which added defendants to the case, thereby extending the Speedy Trial time limits.

■■■■■ Post-indictment action is permitted to identify or investigate other individuals involved in criminal schemes. *United States v. Sasso,* 59 F.3d 341, 353 (2d Cir.1995), or to prepare superceding indictments against persons already charged. *United States v. Vanwort,* 887 F.2d 375, 387 (2d Cir.1989) A superceding indictment may be obtained by the government anytime before trial. *United States v. Edwards,* 777 F.2d 644, 649 (11th Cir. 1985), *cert. denied,* sub nom. *Bolden v. United States,* 475 U.S. 1123, 106 S.Ct. 1644, 90 L.Ed.2d 189 (1986).

■■■■ The government continued to investigate Walker's criminal conduct and was able to identify other persons involved in the drug conspiracy and develop probative evidence which was presented to the grand jury as a result of cooperating witnesses pleading guilty and testifying before the grand jury. By bringing superceding indictments against Walker and his co-defendants, the government here was not preparing an already pending indictment for trial. Rather, it was ensuring that it could try at the same time before the same jury all the crimes relating to the

drug conspiracy. The government's continued detention of Walker in furtherance of that ongoing investigation was proper.

The court found then and does now, that, after reviewing the exclusions from the Speedy Trial Act that it deemed necessary at that time, there was no violation of that statute.

In Ground Seven, petitioner Walker contends that there was no justification to detain or search a package in regard to the narcotic investigation conducted by the Utica Police at the Greyhound bus station in Utica, NY, on September 9, 1992; the unauthorized search of the hotel room of Hugo Divers at the Days Inn in Auburn, N.Y. on October 6, 1994; and that the search warrants issued on March 20, 1995 and executed at three Utica, N.Y. properties, 724 Plant Street, the apartment of Tracy Blackwell; at 1214 Donner Avenue, the residence of Cynthia Cheney; and 1411 West Street, the residence of Lorraine Howard, were not based on probable cause.

During Walker's trial Utica Police investigator Robert Nolan testified that on September 9, 1992, the manager of the Utica bus station notified him that a suspicious package addressed to Raymond Cobbs in Utica, N.Y. from Tommy Walker in New York City had arrived there. . He testified that he became suspicious because as a narcotics investigator, these names were known to him. A narcotics canine sniff of the package pointed to a positive smell for narcotics. Application for a state search warrant was made and, later, the package was opened and found to contain cocaine. The package was repackaged with soap flakes, but the two individuals who retrieved it eluded police officers who tried to follow them. The cocaine was subject to a court order to be destroyed and a further court order permitting it to be used for training purposes by police personnel. The cocaine was later destroyed in compliance with the court order. Raymond Cobbs' subsequent claim that the cocaine's destruction illegally destroyed evidence was considered on his direct appeal and needs no further discussion.

Walker alleges that the police planted the drugs they recovered in the Days Inn search. Three narcotic investigators testified at the trial that the Auburn, N.Y. police knocked on the door of Hugo Divers room at the Days Inn, Auburn, N.Y. on October 2, 1994, the door was opened and Divers consented to a search of the room. They then observed cocaine in plain view. There were several others in the room at the time. Divers later claimed that he did not recall leaving any narcotics in plain view, however, the trial record does not indicate in any manner that the testimonies of the three testifying officers were false.

Before denying petitioners' motion to suppress the other three search warrants in question that were executed on the other three Utica, N.Y. properties, this court examined the procedures followed in procuring them and in their execution, and found that they had been properly and legally applied for, issued and carried out. No reason presently appears to compel reexamination of petitioner's Ground 7.

█ Petitioner Walker's remaining Ground 6 states that his prosecution was brought selectively, vindictively and for an improper purpose. Walker claims that his prosecution in federal court rather than in state court constituted selective or discriminatory prosecution because, if convicted in federal court, he could be punished more severely than in state court.

█ A defendant has no constitutional right to elect which of two applicable statutes shall be the basis of his indictment and prosecution. *Hutcherson v. United*

*States,* 345 F.2d 964, 967 (D.C.Cir.), *cert. denied,* 382 U.S., 894, 86 S.Ct. 188, 15 L.Ed.2d 151 (1965). This is true even where there are widely differing penalties available under the two statutes. *Donaldson v. Hon. S. Dalsheim,* 508 F.Supp. 294, 297, aff'd, 672 F.2d 899 (1981), *cert. denied,* 455 U.S. 951, 102 S.Ct. 1455, 71 L.Ed.2d 666 (1982).

Walker's other arguments in Ground 5 concern the testimony of prosecution witness Damion McCovery against him at trial. These arguments were considered on direct appeal and require no further discussion here.

Petitioners have not shown the existence of manifest error of law or fact or the existence of new evidence entitling them to relief under Federal Rule of Civil Procedure 59(e)

Accordingly, Petitioners' motion for reconsideration, construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is **DENIED.**

**IT IS SO ORDERED.**