UNITED STATES of America,
Appellee,

v.

James ZILLGITT, Defendant–
Appellant.

Docket No. 00–1421.

United States Court of Appeals,
Second Circuit.

Argued Nov. 6, 2001.

Decided April 4, 2002.

David G. Secular, Assistant Federal Public Defender, Syracuse, NY (Alexander Bunin, Federal Public Defender, Syracuse,

NY, on the brief), for Defendant–Appellant.

Barbara D. Cottrell, Assistant United States Attorney, Albany, NY (Joseph A. Pavone, United States Attorney for the Northern District of New York, Syracuse, NY, on the brief), for Appellee.

Before: MINER, McLAUGHLIN, and STRAUB, Circuit Judges.

MINER, Circuit Judge.

Defendant-appellant James Zillgitt appeals from a judgment entered in the United States District Court for the Northern District of New York (Scullin, *J.*), following a jury trial, convicting him of one count of conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to the United States Sentencing Guidelines (the "Guidelines"), the district court set Zillgitt's base offense level at 28 as a result of its finding by a preponderance of the evidence that the drug conspiracy involved a total of 3.25 kilograms of cocaine. This base offense level, coupled with Zillgitt's Criminal History Category III, yielded a sentencing range of 97 to 121 months' imprisonment. The district court sentenced Zillgitt to 109 months' imprisonment.

■ Zillgitt argues on appeal that his sentence is unconstitutional on two grounds. First, he claims that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."

*Id.* at 490, 120 S.Ct. 2348. Zillgitt contends that because neither the type nor the quantity of the controlled substances charged in Count One of the indictment were submitted to the jury and proved beyond a reasonable doubt, his sentence is unconstitutional under *Apprendi.*[1]

Second, Zillgitt argues that his sentence is unconstitutional under *United States v. Barnes*, 158 F.3d 662 (2d Cir.1998), in which we held that where a jury returns a general guilty verdict on a single count of conspiracy involving multiple controlled substances, the district court must sentence the defendant as if convicted of a conspiracy involving only the substance that carries the lowest statutory sentencing range. Zillgitt contends, following *Barnes*, that the district court was required to sentence him under 21 U.S.C. § 841(b)(1)(D), the penalty provision applicable to a conspiracy to distribute an indeterminate amount of marijuana, which carries a maximum term of imprisonment of five years, or sixty months. We agree that Zillgitt's sentence was unconstitutional under *Barnes* and the cases upon which *Barnes* relied.

Because Zillgitt did not raise these arguments either at trial or at sentencing, we review his claims for plain error. *See* Fed.R.Civ.P. 52(b); *United States v. Guevara*, 277 F.3d 111, 123 (2d Cir.2001); *United States v. Thomas*, 274 F.3d 655, 666 (2d Cir.2001) (en banc). Applying plain error review, we hold that the district court committed error, that the error was plain, that the error affected Zillgitt's substantial rights, and that the error seriously affected the fairness and the public reputation of the judicial proceedings.

---

1. Because this is a direct appeal, *Apprendi* applies retroactively to Zillgitt's 1995 conviction. *See United States v. Thomas*, 274 F.3d 655, 659 n. 1 (2d Cir.2001) (en banc). We find it unnecessary, however, to address Zillgitt's *Apprendi* violation claim, because we find his sentence improper on other grounds.

For the reasons that follow, we withhold judgment on Zillgitt's conviction for thirty days. If the government consents to a resentencing under 21 U.S.C. § 841(b)(1)(D), the statutory provision applicable here to a marijuana-only conspiracy, we will affirm the conviction. If the government does not consent, we will vacate the conviction and remand for a new trial. Should the government elect to retry Zillgitt, any sentence imposed for the crimes charged under Count One of the original indictment will be reduced by the amount of time he has already served. *Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).

## BACKGROUND

On December 10, 1993, Zillgitt was charged in a ten-count indictment with various violations of 21 U.S.C. Count One charged conspiracy to possess with intent to distribute and to distribute a quantity of cocaine, a Schedule II controlled substance, and a quantity of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government alleged that the conspiracy started on approximately January 1, 1988, and continued through the time of the indictment. Counts Two, Four, and Six charged Zillgitt with possession with intent to distribute a quantity of cocaine on three separate dates, in violation of 21 U.S.C. § 841(a)(1). Counts Three, Five, and Seven charged distribution of a quantity of cocaine on three separate dates, in violation of 21 U.S.C. § 841(a)(1). Counts Eight and Nine charged, respectively, possession with intent to distribute, and distribution of, a quantity of marijuana, in viola-

tion of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. Count Ten, a forfeiture count, charged that Zillgitt and his co-defendants derived proceeds obtained directly or indirectly as a result of their criminal activity in the amount of approximately $100,000, in violation of 21 U.S.C. § 853.

Following trial, the jury returned a general guilty verdict on October 6, 1994 against Zillgitt on Count One, the conspiracy count, and acquitted him on the eight substantive counts. Zillgitt failed at trial to object to the jury charge, or to request a special verdict requiring the jury to determine the type or quantity of controlled substance underlying the conspiracy charge. He likewise failed to raise at sentencing the arguments he now advances on appeal.

At Zillgitt's January 26, 1995 sentencing, the trial court found, by a preponderance of the evidence, that he had conspired to distribute a total of 3.25 kilograms of cocaine. This finding, together with Zillgitt's Criminal History Category III, resulted in a base offense level of 28, which corresponded to a sentencing range of between 97 and 121 months' imprisonment. Zillgitt was sentenced to 109 months in prison. The court also ordered that Zillgitt, jointly and severally with his co-defendants, pay $276,000 pursuant to the forfeiture count. On May 3, 2000, Zillgitt filed a notice of appeal.[2]

Zillgitt subsequently filed a motion for bail pending appeal. On July 28, 2000, the district court denied Zillgitt's motion. In order to succeed on his motion Zillgitt was required to establish that: (1) he was not likely to flee or pose a danger to the community; (2) his appeal was not for the

---

**2.** On May 8, 2000, the district court granted Zillgitt the right to pursue an appeal of his conviction and sentence in granting a writ of habeas corpus for ineffective assistance of counsel. The ineffective assistance determi-

nation was predicated on the failure of Zillgitt's trial counsel to file an appeal despite Zillgitt's repeated requests. Thus, Zillgitt's appeal is timely.

purpose of delay; (3) his appeal raised a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence less than the total of the time already served plus the expected duration of the appeal process; and (4) there were "exceptional circumstances" warranting release. 18 U.S.C. §§ 3142(f)(1), 3143(b), 3145(c).

In support of his motion, Zillgitt for the first time argued that under both our decision in *Barnes*, 158 F.3d 662, and the Supreme Court's decision in *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, he was likely to prevail on appeal because "by removing the type and quantity of narcotics as factors to be determined by the jury, the trial court unconstitutionally removed from the jury the assessment of facts that increase the prescribed range of punishment to which [he] was exposed." The district court disagreed, holding that "the failure of the trial court to differentiate between cocaine and marijuana within the jury instructions or to submit a special verdict form to the jury is harmless error."

The court based this conclusion on its finding that it could locate only one instance in the trial transcript that connected Zillgitt with marijuana, and that the remainder of the lengthy testimony offered by witnesses related to Zillgitt's involvement in a cocaine conspiracy. The court found, as a result, that the jury would have had no basis to find that Zillgitt participated in a marijuana conspiracy rather than a cocaine conspiracy. Having concluded that Zillgitt failed to establish that his appeal raised a substantial question of law or fact as required under the statute, the court did not address the remaining three requirements.

Zillgitt appealed the district court's denial of his motion and, by order dated August 20, 2001, we concluded that Zillgitt's appeal did, in fact, raise substantial questions of law concerning the validity of his sentence, and remanded the motion to the district court for further findings as to the other three prongs Zillgitt was required to meet. On remand, the district court determined that Zillgitt satisfied the three remaining prongs, and on December 20, 2001, we granted Zillgitt's motion for bail pending appeal and instructed the district court to set the terms and conditions of his release.

## DISCUSSION

### I. *The Sentence on Count One*

Zillgitt argues that his sentence is unconstitutional under *United States v. Barnes*, 158 F.3d 662 (2d Cir.1998), in which we held that where a jury returns a general guilty verdict on a single count of conspiracy involving multiple controlled substances, the district court must sentence the defendant as if convicted of a conspiracy involving only the drug that triggers the lowest statutory sentencing range. Our holding in *Barnes* relied primarily on our earlier decision in *United States v. Orozco–Prada*, 732 F.2d 1076 (2d Cir.1984), where we reached the same conclusion.

### A. United States v. Orozco–Prada

In *Orozco–Prada*, the defendant was charged in a seven-count indictment with conspiracy to distribute and to possess with intent to distribute marijuana, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance (Count One), and various substantive charges involving a money laundering scheme (Counts Two through Seven). *Id.* at 1079. The jury returned guilty verdicts against the defendant on all counts except Count Three. *Id.* Because Count One

charged a conspiracy involving both cocaine and marijuana, a conviction on that count was punishable under different statutory provisions. *Id.* at 1083.

The statutory provision applicable to a cocaine conspiracy, 21 U.S.C. § 841(b)(1)(A), permitted a maximum sentence of fifteen years' imprisonment while the applicable provision governing conspiracies involving marijuana, 21 U.S.C. § 841(b)(1)(B), set a five-year maximum term of imprisonment. The district court sentenced the defendant to eight years' imprisonment pursuant to the statutory provision applicable to a cocaine conspiracy on the theory that the evidence presented to the jury supported the inference that at least some of the money laundered was the product of cocaine sales. *Orozco–Prada,* 732 F.2d at 1083.

On appeal, we found the sentence improper, holding that "in the absence of a special verdict, there was no way for [the district court] to know whether the jury intended to convict [the defendant] for a cocaine-related conspiracy, for a marijuana-related conspiracy, or for a conspiracy involving both drugs." *Id.* Adopting the procedure used by two other circuits faced with the same situation, *see United States v. Quicksey,* 525 F.2d 337 (4th Cir.1975); *Brown v. United States,* 299 F.2d 438 (D.C.Cir.1962), we withheld judgment on the Count One conviction, giving the government thirty days to consent to resentencing under the statutory provision applicable to a marijuana conspiracy, at which point we would affirm the conviction. If the government chose not to consent, we would vacate the conviction and remand for a new trial. *Orozco–Prada,* 732 F.2d at 1084.[3]

### B. United States v. Barnes

In *Barnes,* we remanded for resentencing because of precisely the same sentencing error. 158 F.3d at 674. There the defendant was charged with one count of conspiracy to possess with intent to distribute heroin and marijuana, Schedule I controlled substances, and cocaine and cocaine base, or crack, Schedule II controlled substances. *Id.* at 664. The jury returned a guilty verdict on the conspiracy count, and the district court imposed a sentence of twenty years, the statutory mandatory minimum for a conspiracy to possess more than fifty grams of crack. *Id.* at 667. The defendant argued that under *Orozco–Prada* he could only have been sentenced as though convicted of a conspiracy to possess with intent to distribute marijuana. *Id.* at 667–68. We rejected Barnes's specific argument that he could only be sentenced under the statutory provision governing marijuana conspiracies but agreed that the district court's sentence was improper. *Id.* at 674.

We determined that the marijuana provision was not the appropriate sentencing provision because "our review of the record persuade[d] us that it [was] inconceivable that the jury could have convicted the defendant of conspiracy to possess marijuana" because the evidence relating to marijuana "was not only legally insufficient, it was negligible." *Id.* at 668. Moreover, although the government had argued in summation that there was sufficient evidence to find that the defendant conspired to possess any of the four controlled substances named in the indictment, on appeal the government conceded that there was insufficient evidence from which a jury could have concluded that he conspired to possess marijuana.[4] *Id.* We

---

3. The defendant's sentence was ultimately reduced to five years' imprisonment. *See Unit-* *ed States v. Orozco–Prada,* 636 F.Supp. 1537, 1539 n. 1 (S.D.N.Y.1986).

4. Of course, we noted that this was hardly a

found instead that there was sufficient evidence for conviction of conspiracies involving heroin, cocaine, and crack. Accordingly, we again withheld judgment, allowing the government to either consent to resentencing under the provision applicable to a conspiracy involving heroin—the controlled substance for which there was no statutory minimum sentence—or to retry the defendant.[5] *Id.* at 674.

In *Barnes,* the government cited numerous cases in support of its contention that *Orozco–Prada* had since been undermined, if not overruled. *Id.* at 668–72. In setting forth its argument, the government relied heavily on the Seventh Circuit case of *United States v. Edwards,* 105 F.3d 1179 (7th Cir.1997).

In *Edwards,* the defendants were charged with conspiring to distribute cocaine and crack. *Id.* at 1180. The jury returned a general guilty verdict. At sentencing the district court found that the conspiracy involved both cocaine and crack and imposed sentences based on that finding. *Id.* On appeal, the defendants argued that their sentences were improper under the Guidelines, the drug statutes, and the Constitution, because, in light of the ambiguity resulting from the general verdict, the district court was required to sentence them as though convicted of a conspiracy involving only cocaine, which the defendants argued would have resulted in a more lenient sentence. *Id.* Writing for the panel, Judge Easterbrook affirmed the sentences imposed and took issue with our ruling in *Orozco–Prada,* as well as decisions of four other circuits that reached the same conclusion. *Id.*

The Supreme Court affirmed the Seventh Circuit's decision in *Edwards* because

"concession" when it "reflect[ed] the goal of obtaining a higher maximum sentence." *Barnes,* 158 F.3d at 668.

the petitioners' sentences did not exceed the statutory maximum permitted for a cocaine-only conspiracy. In other words, the district court's finding that the conspiracy involved crack made no difference in the petitioners' sentences. The Court noted, however, that

> [o]f course, petitioners' statutory and constitutional claims would make a difference if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy. That is because a maximum sentence set by the statute trumps a higher sentence set forth in the Guidelines.

*Edwards v. United States,* 523 U.S. 511, 515, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998). This hypothetical describes exactly the constitutional problem of the sentence imposed on Zillgitt. Zillgitt's 109–month sentence under the Guidelines exceeds the statutory maximum sixty-month sentence permitted for a marijuana-only conspiracy. In *Edwards,* the Supreme Court rejected the petitioners' argument, stating that

> the sentences imposed ... were within the statutory limits applicable to a cocaine-only conspiracy. Cf. *United States v. Orozco–Prada,* 732 F.2d 1076, 1083–84 (2d Cir.1984) (court may not sentence defendant under statutory penalties for cocaine conspiracy when jury may have found only marijuana conspiracy).

*Id.* (additional citations omitted). Thus, the Supreme Court, citing with approval *Orozco–Prada,* recognized the critical distinction that where a sentencing court makes its own factual findings regarding

---

**5.** The government in *Barnes* also opted to have the defendant resentenced rather than retried.

the drugs that are the objects of a conspiracy, it may not impose a sentence, based on those findings, that exceeds the statutory maximum sentence permissible for the other drug that is the object of the conspiracy. It is this distinction that guides our holding here. Additionally, apart from the Seventh Circuit's decision in *Edwards*,[6] of the seven other circuits that have directly addressed this issue, all seven have reached the same conclusion that we did in *Orozco–Prada*.[7] Thus, in *Barnes* we rejected the government's efforts to find inapplicable our prior holding, stating instead that "we follow *Orozco–Prada* and assume that the conviction is for conspiracy to possess the controlled substance that carries the most lenient statutorily prescribed sentence." *Barnes*, 158 F.3d at 668.

If we determine that there was sufficient evidence to demonstrate Zillgitt's involvement in a marijuana conspiracy, we find nothing in either *Barnes* or *Orozco–Prada* to support a different holding here.

### C. *Support for a Conviction for Conspiracy to Distribute Marijuana*

In both *Orozco–Prada* and *Barnes* we held that the district court was required to sentence the defendant under the statutory provision carrying the most lenient sentence for which there was sufficient evidence supporting conviction. *Orozco–Prada*, 732 F.2d at 1083; *Barnes*, 158 F.3d at 668. Thus, we must determine whether sufficient evidence was presented at Zillgitt's trial to support a guilty verdict on the basis of his involvement in a marijuana conspiracy.

█ At Zillgitt's trial, one witness testified to buying marijuana from Zillgitt on one or two occasions. A second witness, who had served as a confidential informant, testified that he purchased marijuana from Zillgitt "on a number of occasions," from "around 1983 until 1990," thereby demonstrating a course of dealing in marijuana spanning a number of years. The same witness further testified that around 1988 or 1989 he began purchasing quarter-pound quantities of marijuana from Zillgitt.

Additionally, the government introduced into evidence a cassette tape on which was recorded separate cocaine and marijuana transactions between the confidential informant and a co-defendant also found guilty under Count One. The government also produced a plastic baggy containing "a sample of marijuana" for identification by a special agent during his testimony. The evidence here supporting a marijuana con-

---

**6.** The Seventh Circuit also rejected a similar argument in *United States v. Peters*, 617 F.2d 503, 506 (7th Cir.1980) (per curiam). But as we noted in *Orozco–Prada*, 732 F.2d at 1084, the panel in *Peters* based its decision on the fact that the defendant was found guilty on all of the substantive drug charges underlying the conspiracy charge. We need not decide here whether convictions on substantive charges could serve to clarify an ambiguous verdict, because Zillgitt was acquitted of all the substantive counts charged in the indictment.

**7.** See, for example, in circuit order, *United States v. Quicksey*, 525 F.2d 337 (4th Cir. 1976); *United States v. Fisher*, 22 F.3d 574 (5th Cir.1994); *United States v. Dale*, 178 F.3d 429 (6th Cir.1999); *United States v. Nicholson*, 231 F.3d 445 (8th Cir.2000); *United States v. Owens*, 904 F.2d 411 (8th Cir.1990); *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000), *overruled on other grounds by United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002); *United States v. Garcia*, 37 F.3d 1359 (9th Cir.1994); *United States v. Noah*, 475 F.2d 688 (9th Cir.1973); *Newman v. United States*, 817 F.2d 635 (10th Cir.1987); *Brown v. United States*, 299 F.2d 438 (D.C.Cir. 1962). Additionally, the Eleventh Circuit has agreed in dicta. *See United States v. Riley*, 142 F.3d 1254, 1256 (11th Cir.1998) (citing *Edwards*, 523 U.S. at 515, 118 S.Ct. 1475).

spiracy is a far cry from that offered in *Barnes*, which we found, based on our review of the record, to consist solely of "a small amount · of suspected marijuana seized at the [gang's] headquarters ... which other evidence indicated the defendant sometimes visited." 158 F.3d at 668. We conclude here that there was a sufficient evidentiary basis upon which the jury could have found that Zillgitt conspired to distribute marijuana.

 In assessing the possibility that a jury may have convicted Zillgitt of a marijuana conspiracy, we also examine the language of the government's summation and the district court's charge to the jury. *See id.* at 671; *United States v. Nicholson*, 231 F.3d 445, 454 (8th Cir.2000); *United States v. Garcia*, 37 F.3d 1359, 1370 (9th Cir. 1994). In its closing arguments, the government summarized the marijuana-related testimony offered against Zillgitt. The prosecutor also told the jury that

> I am confident that you will ... find the government has proved beyond a reasonable doubt that these defendants entered in a conspiracy to possess with intent to distribute and to distribute marijuana and cocaine. That they possessed with intent to distribute and distributed cocaine on March 18th, March 24th and April 13th of 1993. And that they possessed with intent to distribute and in fact distributed a quantity of marijuana on April 13th, 1993, as charged.

Thus, the government persisted in arguing to the jury that there was sufficient evidence that the defendant participated, at a minimum, in a conspiracy involving marijuana. Moreover, during oral argument on this appeal, the government stated repeatedly that it had presented sufficient evidence supporting conviction for a marijuana conspiracy.

The district court's charge to the jury lends further support to our conclusion that the guilty verdict could conceivably have been reached by the jury's finding that Zillgitt participated in a marijuana conspiracy. The court instructed the jury that

> to prove its charge of conspiracy, the government must prove that a defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others, would distribute or possess a controlled substance—that is the cocaine *or* marijuana—with the attempt [sic] to distribute it by means of a common plan or course of action.

(Emphasis added.)

In clarifying the elements required for a conviction for conspiracy, the court stated that

> a defendant may be shown to be part of a conspiracy to possess with intent to distribute and to distribute cocaine and marijuana without having actually possessed or distributed cocaine and marijuana. The government is therefore not required to prove that a defendant actually possessed with the intent to distribute or distributed cocaine *or* marijuana in order to establish his guilt as to Count One.

(Emphasis added.)

The district court's sometimes use of the disjunctive ("marijuana *or* cocaine") leaves open the possibility that the jury may have convicted Zillgitt of a conspiracy to distribute only marijuana. *See Garcia*, 37 F.3d at 1370; *Newman v. United States*, 817 F.2d 635, 638 (10th Cir.1987). That the indictment here is phrased in the conjunctive ("cocaine *and* marijuana"), does not clarify the ambiguity of the jury's verdict. *See id.* at 639 (holding that, despite the indictment's conjunctive language, the district court's instructions could have led the

jury to convict for conspiracy involving a drug carrying a more lenient sentence).

Based on our review of the record—including the evidence presented at trial, the government's summation, and the charge to the jury—coupled with the government's insistence at oral argument that there was sufficient evidence on which to convict Zillgitt of a conspiracy to distribute marijuana, we conclude that a jury could have convicted Zillgitt for conspiring to distribute marijuana. Thus, in light of the general verdict, the district court erred under the rule of *Orozco–Prada* in sentencing Zillgitt to a term of imprisonment exceeding the sixty-month statutory maximum permitted under 18 U.S.C. § 841(b)(1)(D).

## II *Plain Error Review*

We review Zillgitt's challenge to his sentence for plain error since he failed to raise this objection below. *See United States v. Miller*, 263 F.3d 1, 4 (2d Cir.2001) (reviewing sentencing errors first raised on appeal for plain error); *United States v. Robie*, 166 F.3d 444, 455 (2d Cir.1999) (same); *United States v. Martinez–Rios*, 143 F.3d 662, 675–76 (2d Cir.1998) (same). Although we have not previously had occasion to review for plain error this precise sentencing challenge, we find, as have our sister circuits, that it is subject to plain error review. *See United States v. Dale*, 178 F.3d 429, 432 (6th Cir.1999); *United States v. Fisher*, 22 F.3d 574, 577 (5th Cir.1994); *Newman*, 817 F.2d at 637 n. 1.

We analyze a claim for plain error under the four-pronged test set forth in *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). *See United States v. Thomas*, 274 F.3d 655, 667 (2d Cir.2001) (en banc).

[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.

*Id.* (citations and internal quotation marks omitted) (alterations in original).

### A. *"Error"*

The indictment charged Zillgitt with conspiracy to possess with intent to distribute and to distribute a quantity of cocaine and a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The rule announced in *Orozco–Prada* requires that under a general verdict convicting a defendant on a single count of conspiracy involving multiple controlled substances, the district court must sentence the defendant as if convicted of a conspiracy involving only the drug that carries the lowest statutory sentencing range. 732 F.2d 1076, 1083.

For the reasons discussed above, the court was required to sentence Zillgitt under 21 U.S.C. § 841(b)(1)(D), the statutory provision applicable to a conspiracy involving an indeterminate amount of marijuana, which carries a sixty-month statutory maximum sentence. Instead, the court sentenced Zillgitt to a term of imprisonment exceeding that statutory maximum. Thus, the sentence imposed by the district court was erroneous, and the first prong of *Olano* is satisfied.

### B. *Error That Is "Plain"*

The second prong of *Olano* is also satisfied. An error is "plain" if it deviates from an established rule that is "clear" or "obvious" either at the time of trial or at the time of appellate review. *See Olano*, 507 U.S. at 734, 113 S.Ct. 1770; *Thomas*, 274 F.3d at 666. Our 1984 hold-

ing in *Orozco–Prada* was well established at the time of Zillgitt's trial and has been reiterated in opinions of this Court on numerous occasions prior to this appeal. *See, e.g., United States v. Stephenson,* 183 F.3d 110, 119 (2d Cir.1999); *United States v. Moreno,* 181 F.3d 206, 214–15 (2d Cir. 1999); *United States v. Bravo,* 10 F.3d 79, 86 (2d Cir.1993); *United States v. Underwood,* 932 F.2d 1049, 1054 (2d Cir.1991). The district court's sentencing error was therefore plain.

### C. Error That Affects "Substantial Rights"

 An error "affects substantial rights" if it was "prejudicial," meaning that it "affected the outcome of the district court proceedings." *Olano,* 507 U.S. at 734, 113 S.Ct. 1770. The defendant bears the burden of demonstrating prejudice. *Id.* Zillgitt was sentenced to 109 months' imprisonment, rather than a term not exceeding the 60 month statutory maximum sentence for a marijuana-only conspiracy. Thus, the sentencing error increased Zillgitt's term of imprisonment by more than 80 percent of the maximum sentence he would have received in the absence of that error. We find this result prejudicial. *See Thomas,* 274 F.3d at 666 ("It is beyond cavil that imprisonment for an additional 52 months beyond the penalty authorized by Congress, ... constitutes prejudice."); *see also Nordby,* 225 F.3d at 1061 (holding that significant increase in sentence constitutes plain error, thereby implicitly affecting the defendant's substantial rights); *Dale,* 178 F.3d at 434 (same); *Newman,* 817 F.2d at 637 n. 3 (same). Moreover, we have recently held that "[i]f the error is a sentencing error, the prejudice is clear." *Guevara,* 277 F.3d at 124. We conclude that the plain error here affected Zillgitt's substantial rights, and *Olano*'s third prong is satisfied.

The government argues in its brief that Zillgitt's sentence was not prejudicial, and thus did not affect his substantial rights, in light of the "overwhelming evidence" of his involvement in a cocaine conspiracy. Based on our review of the portions of the record submitted on this appeal, we do not disagree that more, even significantly more, of the evidence presented to show the drug conspiracy related to cocaine transactions than it did to marijuana transactions. We nonetheless find the government's argument unavailing for a number of reasons.

First, in neither *Orozco–Prada* nor *Barnes* did we undertake a weighing of the evidence. Rather, we acknowledged that there was evidence sufficient to sustain convictions punishable under the provisions carrying the higher penalties. *See Barnes,* 158 F.3d at 670; *Orozco–Prada,* 732 F.2d at 1083. In *Orozco–Prada* we cited with approval the D.C. Circuit's decision in *Brown v. United States,* 299 F.2d 438 (D.C.Cir.1962), noting that "[i]n that case ... the court found that the record contained evidence from which a jury could have concluded that the statutes with the higher penalty had been violated but nonetheless refused to affirm the district court." *Orozco–Prada,* 732 F.2d at 1083–84.

In *Quicksey,* another case on which our decision in *Orozco–Prada* relied, the Fourth Circuit did not disagree with the government's assertion that there was sufficient evidence to support a conviction carrying a higher penalty, but the panel nonetheless found the defendants' sentence improper. 525 F.2d at 340–41. We conclude that the relevant question is not whether there was sufficient evidence supporting a conviction for a *cocaine* conspiracy, but rather whether there was sufficient evidence supporting conviction for a *marijuana* conspiracy.

Second, the cases cited by the government in support of this argument are inapposite. In *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the case upon which the government principally relies, the petitioner argued, based on an intervening Supreme Court decision, that the element of "materiality" in a tax fraud charge must be determined by the jury rather than the judge, as had happened in *Neder*. *Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), also cited here by the government, involved precisely the same issue. In both *Neder* and *Johnson*, the Supreme Court held that the failure to submit the element of "materiality" to the jury did not affect the appellants' substantial rights in light of the "overwhelming evidence" supporting that omitted element. *Neder*, 527 U.S. at 16, 119 S.Ct. 1827; *Johnson*, 520 U.S. at 470, 117 S.Ct. 1544. In those cases, however, the petitioners were challenging the validity of their *convictions* and asking the Court to reverse guilty verdicts supported by overwhelming and uncontested evidence demonstrating "materiality," because the district court, rather than the jury, determined this element of the crime charged. In contrast, Zillgitt is not contesting the jury's verdict.

The problem here, unlike in *Neder* and *Johnson*, is that while the jury clearly found Zillgitt guilty beyond a reasonable of conspiring to distribute drugs, it rendered an ambiguous verdict for sentencing purposes. Thus, while the evidence proffered may also support a conviction for a cocaine conspiracy, we cannot tell, in the absence of a special verdict, whether the jury ever made that determination. In other words, the general verdict leaves open the possibility that the jury may have convicted Zillgitt on the basis of the evidence supporting a marijuana conspiracy without ever reaching a conclusion as to, or perhaps even considering, his involvement in a cocaine-only or a cocaine and marijuana conspiracy. *See Barnes*, 158 F.3d at 671. That is a distinction with a significant difference. The jury verdicts in *Neder* and *Johnson* were unambiguous. Those cases did not present the problem that "the verdict . . . provide[d] no guidance in determining which statutorily mandated sentence [was] applicable." *Id.*

Finally, we agree with the Tenth Circuit that "it is [in]appropriate for an appellate court to weigh the evidence in the jury's stead." *Newman*, 817 F.2d at 639. This is based on the fundamental principle that "[a] defendant may assuredly insist upon observance of [the constitutional right to a jury trial] even when the evidence against him is so overwhelming as to establish guilt beyond a reasonable doubt." *Carella v. California*, 491 U.S. 263, 268, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989) (Scalia, *J.*, concurring). Thus, even assuming there was more than enough evidence supporting a conspiracy involving cocaine, we find that the district court's sentencing error affected Zillgitt's substantial rights.

### D. *Notice and Correction of the Plain Error*

Once a defendant has demonstrated that a plain error has affected his substantial rights, "the court of appeals has authority to order correction, but is not required to do so." *Olano*, 507 U.S. at 735, 113 S.Ct. 1770. The exercise of our discretion to notice and correct such an error turns on whether the error "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *Thomas*, 274 F.3d at 671 (quoting *Olano*, 507 U.S. at 736, 113 S.Ct. 1770) (alteration in original) (internal quotation marks omitted). We conclude that the plain error in this case seriously affects at least the fair-

ness and public reputation of the judicial proceedings.

Zillgitt's sentence exceeded by more than 80 percent the sentence the district court was permitted to impose. We believe that the fairness of the judicial proceedings was "seriously affected" in this case by the magnitude of the increase that resulted from the sentencing error. Moreover, because at the time we granted Zillgitt's motion for bail pending appeal, he had already been imprisoned for more than two years beyond the maximum sentence he could have received had the district court not erred, any victory Zillgitt could potentially obtain from our ruling here would be a Pyrrhic one. For these reasons, we find that the district court's error seriously calls into question the fairness and public reputation of the judicial proceedings. Having satisfied the *Olano* test, we hold that Zillgitt's sentence constitutes reversible plain error.

## CONCLUSION

For the foregoing reasons, we withhold judgment on Zillgitt's conviction for thirty days. If the government consents to a resentencing under the statutory provision applicable to a conspiracy to distribute an indeterminate amount of marijuana, we will affirm the conviction and order that Zillgitt, who has already served the maximum time permissible under the resentencing but is now out on bail, be permanently released. If the government does not consent, we will vacate the conviction and remand for a new trial. If the government chooses to retry Zillgitt, any sentence imposed for the crimes charged under Count One of the original indictment will be reduced by the amount of time he has already served.

McLAUGHLIN, Circuit Judge, dissenting.

Because of the essentially uncontested and what I regard as overwhelming evidence of Zillgitt's participation in a conspiracy to distribute significant amounts of cocaine, I would not find plain error in Zillgitt's sentence. Therefore, I respectfully dissent.

The majority gives short shrift to the "very stringent" standards that must be met before this Court will notice plain errors. *United States v. Ramirez*, 973 F.2d 102, 105 (2d Cir.1992). The Supreme Court has cautioned us to use Federal Rule of Criminal Procedure 52(b) to correct "only particularly egregious errors." *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (internal quotations omitted). Phrased differently, the Court has stressed that the plain error exception to the contemporaneous-objection rule should "be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *Id.* The Court has repeatedly warned against unwarranted expansion of Rule 52(b), because the "extension of this exacting definition of plain error would skew the Rule's 'careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed.'" *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

Assuming that the majority is correct that the first three requirements of the plain error standard imposed by *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), are satisfied here, I focus solely on *Olano's* fourth element: plain errors will be noticed only when the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736, 113 S.Ct. 1770. The defendant bears the burden of

persuading the court that this requirement is satisfied. *United States v. Vonn*, —— U.S. ——, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002).

This determination should not be made in isolation; rather, we must examine the *record as a whole*. *Young*, 470 U.S. at 16, 105 S.Ct. 1038. Notably, the Supreme Court has relied on the "overwhelming" evidence in the record to determine whether a plain error satisfies *Olano's* final requirement. *Johnson v. United States*, 520 U.S. 461, 469–70, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (the district court's failure to submit the issue of materiality to the jury in a perjury prosecution did not seriously affect the fairness, integrity, or reputation of the judicial proceedings in light of the overwhelming evidence supporting materiality in the record).[1]

We have recently had to address the fourth *Olano* requirement in several cases growing out of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, as discussed in greater detail below, the circumstances in which this requirement was satisfied in the post-*Apprendi* cases are substantially different from those here. *See, e.g., United States v. Thomas*, 274 F.3d 655, 671–72 (2d Cir. 2001) (*en banc*) (the fairness and public reputation of the judicial proceedings were seriously affected because, *inter alia*, the judge's determination of drug quantity discouraged defense counsel from vigorously contesting quantity during cross-examination of the Government's witnesses).

The majority concludes that Zillgitt's sentence of 109 months' imprisonment satisfies *Olano* because the sentence was 49 months longer than the maximum Zillgitt would have received had he been sentenced just for the marijuana conspiracy, as *United States v. Barnes* and *United States v. Orozco–Prada* mandate. The majority concedes that Zillgitt forfeited this argument by failing to raise it below. *See United States v. Miller*, 263 F.3d 1, 4 (2d Cir.2001) ("Issues not raised in the district court, including sentencing issues, will be deemed forfeited on appeal and addressed only upon a showing that the court committed plain error."). Nevertheless, invoking the plain error rule, the majority concludes that Zillgitt's sentence—well below the maximum he could have received for the cocaine conspiracy[2]—calls into question the fairness and public reputation of the judicial proceedings. Plain error analysis, however, requires more.

Under the majority's reasoning, any sentencing error would seem to satisfy the fourth requirement of the plain error standard. The Supreme Court, however, has expressly cautioned against such a strict application of Rule 52(b). *See Young*, 470 U.S. 1, 16 n. 14, 105 S.Ct. 1038, 84 L.Ed.2d 1 ("A *per se* approach to plain-error review is flawed."). Furthermore, by failing to examine the entire record to determine the effect of the plain error, the majority undermines the discretionary nature of plain error review. *See Olano*, 507 U.S. at 737, 113 S.Ct. 1770 ("[A] plain error affecting

---

**1.** The majority finds *Johnson* inapposite to the analysis of *Olano's* third requirement—whether the plain error affected Zillgitt's substantial rights. *See supra*, at 140. However, it is unclear whether the majority likewise believes *Johnson* inapposite to the analysis of *Olano's* fourth requirement.

**2.** When drug quantity is not set out in the indictment and presented to the jury, a defen-

dant can be sentenced only to the maximum sentence allowable for an indeterminate quantity of drugs. *Thomas*, 274 F.3d at 660. Here, the maximum sentence for a conspiracy involving an indeterminate amount of cocaine is 20 years, or 240 months. 21 U.S.C. § 841(b)(1)(C).

substantial rights does not, without more, satisfy the [fourth requirement of the plain error standard], for otherwise the discretion afforded by Rule 52(b) would be illusory.").

The majority correctly points out that this Court has not yet had an opportunity to review this precise sentencing issue on plain error review.[3] However, one of our sister circuits has addressed this sentencing issue on a record remarkably similar to ours. In *United States v. Bowens*, 224 F.3d 302 (4th Cir.2000), the Fourth Circuit reviewed the sentence of a defendant who had been convicted of, *inter alia*, conspiracy to possess and distribute crack cocaine, powder cocaine, and heroin, in violation of 18 U.S.C. § 846. *Id.* at 304. As in our case, the *Bowens* jury returned a general verdict of guilty without specifying the precise conspiracy that the defendant participated in. *Id.* at 314. The district court based Bowens's sentence on its conclusion that the object of the conspiracy was to distribute crack cocaine, and therefore sentenced him to life imprisonment. *Id.* Bowens argued on appeal that when a jury returns an ambiguous verdict in a multiple-drug conspiracy, the defendant may only be sentenced according to the controlled substance with the most lenient statutory maximum. *Id.* According to Bowens, he could only be sentenced to twenty years' imprisonment, the statutory maximum sentence for conspiracy to distribute the amount of heroin proven at trial (27.56 grams). *Id.*

While acknowledging that the district court erred when it sentenced Bowens based on the crack cocaine conspiracy, the Fourth Circuit declined to notice the for-feited error because it did not satisfy *Olano's* fourth requirement. It failed to result in a miscarriage of justice. The Fourth Circuit noted that every Government witnesses who testified about the conspiracy described crack deals, the preparation of crack, and the delivery of either crack or powder cocaine to be cooked into crack. *Id.* at 315. The court found that the Government witnesses' testimony was essentially uncontroverted, and Bowens's defense was almost exclusively directed at impeaching the Government witnesses' credibility. *Id.* Finally, the Fourth Circuit determined that the evidence of a crack cocaine conspiracy was so overwhelming that there was no question that the jury found Bowens guilty of a conspiracy to distribute crack cocaine. *Id.* Accordingly, the court declined to find that Bowens's life sentence seriously affected the fairness, integrity, or reputation of the proceedings. It affirmed the district court's sentence.

Here, Zillgitt's trial was unquestionably about a cocaine conspiracy. The overwhelming and essentially uncontested evidence demonstrated that Zillgitt was a major participant in a sizeable cocaine conspiracy. Ten Government witnesses, including seven self-admitted drug dealers, testified to extensive cocaine transactions with Zillgitt. For example,

- Kenneth Ferro testified that he engaged in cocaine transactions with Zillgitt either as a purchaser, seller, or partner involving between two and three kilograms of cocaine.

- Ferro also testified to driving down to New York City with Zillgitt twice

---

**3.** Despite acknowledging that this is an issue of first impression in this Court, the majority relies on *Barnes* and *Orozco–Prada* (as well as cases not subject to plain error review from other circuits) in its analysis of *Olano's* third requirement. Because none of these cases were subject to plain error review, their applicability to the majority's plain error analysis is questionable.

to buy substantial quantities of cocaine.

- Angelo Miele testified that he permitted Zillgitt to use his house to break up bulk quantities of cocaine into distribution quantities in exchange for Zillgitt providing him with free cocaine.
- James Andrews testified that he drove to New York City with Zillgitt at least ten times to purchase quantities of cocaine totaling twenty kilograms.
- Hector Gonzalez testified to buying cocaine from Zillgitt and to going to New York City with Zillgitt to purchase cocaine.

To be sure, as the majority notes, two of the Government's witnesses also testified to buying marijuana as well as cocaine from Zillgitt and his co-conspirators. However, the gist of these two witnesses' testimony confirmed that the central focus of the conspiracy was the distribution of cocaine and that the marijuana purchases were ancillary to the dominant cocaine transactions. The isolated references to marijuana in the record were inseparable from the overwhelming evidence of a conspiracy to distribute cocaine.

Moreover, like the defense counsel in *Bowens*, Zillgitt's trial strategy was to attack the general credibility of the Government's witnesses. He did not call any witnesses to contradict the accounts of the extensive cocaine transactions described by the Government's witnesses. Furthermore, Zillgitt does not now contend that he was hindered in preparing his defense by the purported sentencing error. This case, therefore, is substantially different from *Thomas* and *United States v. Guevara*, 277 F.3d 111 (2d Cir.2001), where we found *Olano's* fourth requirement was satisfied because the district court's determination of drug quantity had the effect of

discouraging defense counsel from vigorously contesting drug quantity before the jury. Here, defense counsel was unfettered in his defense of Zillgitt.

I would follow *Bowens* here. I do not believe that the fairness, integrity, or public reputation of the judicial proceedings is seriously affected by Zillgitt's sentence. While the majority is willing to overlook the overwhelming evidence of Zillgitt's participation in a cocaine conspiracy, such a generous analysis weakens this Court's plain error jurisprudence. Therefore, I respectfully dissent.