**UNITED STATES of America,**
**Appellee,**

v.

**Clifton DAVIS, Defendant–Appellant.**

**No. 07–0845–cr.**

United States Court of Appeals,
Second Circuit.

May 22, 2008.

Howard L. Jacobs, New York, NY, for Defendant–Appellant.

Arlo Devlin–Brown, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attor-

ney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, and Hon. J. CLIFFORD WALLACE,* Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Clifton Davis appeals from a judgment of the United States District Court for the Southern District of New York (Sweet, J.), entered on March 2, 2007, convicting him, following a jury trial, of conspiracy to distribute five grams and more of crack cocaine in violation of 21 U.S.C. § 846. The district court sentenced Davis principally to sixty months' imprisonment and four years of supervised release. We assume the parties' familiarity with the facts and procedural history of the case.

Davis argues that the district court used an erroneous special verdict form that confused the jury into believing that they had to select one of the drug quantities listed on the form. Specifically, Davis contends that because the form did not provide an option of "less than 5 grams," instead providing only options of "50 grams or more" and "5 grams or more," the form erroneously suggested to the jury that they had to select one of the two listed quantities, both of which carry mandatory minimum sentences. Because Davis failed to raise this objection below, we review his challenge for plain error. See United States v. Zillgitt, 286 F.3d 128, 138 (2d Cir.2002). The district court did not commit plain error because neither the plain language of the form nor the related jury charge suggested that the jurors were required to select a listed quantity if they did not

unanimously agree to that amount. The form explicitly stated that jurors should "[c]heck only one [quantity], if any" and that they must unanimously agree before checking that quantity. Likewise, the district court's jury charge did not require the jury to select a drug quantity but rather instructed them to decide "whether" the government had established the weight of the drugs, emphasizing that the determination "must be unanimous and must be reached beyond a reasonable doubt." Given the unambiguous language of the form and the related jury charge, the district court's use of the form was not plainly erroneous.

Davis points to a post-verdict juror's letter sent to Judge Sweet that referred to "a specific confusion about the verdict form." The law is well settled that a juror cannot impeach a verdict absent extraordinary circumstances. See Tanner v. United States, 483 U.S. 107, 117, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987) (deeming this common-law rule "near-universal and firmly established"). As this Court has noted, "[p]ost-trial jury scrutiny is disfavored because of its potential to undermine 'full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople.'" United States v. Stewart, 433 F.3d 273, 302 (2d Cir.2006) (quoting Tanner, 483 U.S. at 120–21, 107 S.Ct. 2739). Such scrutiny is justified only "where there is 'clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial.'" Id. at 302–03 (quoting United States v. Moon, 718 F.2d 1210, 1234 (2d Cir.1983)). Because the record shows no such "clear,

---

* The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

strong, substantial and incontrovertible evidence," the juror's letter constitutes an impermissible effort to impeach the verdict.[1]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

1. Indeed, the juror who wrote the letter admitted that "I understand we could also have left the [crack] amount blank." Accordingly, his suggestion that "the jury might have voted

for" a lesser quantity of crack had the form provided such an explicit option is entirely speculative.