UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand and fifteen.

Present:

        ROSEMARY S. POOLER,
        RENNA RAGGI,
        PETER W. HALL,
               *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee,*

        v.                                                       No. 13-4069-cr

JEFF SPRUILL,

        *Defendant-Appellant.*

_____

| For Defendant-Appellant: | HARRY SANDICK (Andrew D. Cohen, *on the brief*), Patterson, Belknap, Webb & Tyler L.L.P., New York, NY. |
|---|---|
| For Appellee: | SARALA V. NAGALA, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT. |

_____

Appeal from a judgment of the United States District Court for the District of

Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that, for the reasons stated in the accompanying opinion addressing defendant's

challenge to the dismissal of a juror and in this summary order, the judgment of the district court

is **AFFIRMED**.

Defendant-Appellant Jeff Spruill ("Spruill") appeals from a July 2013 conviction entered

after a jury trial on three counts of possession with intent to distribute and distribution of cocaine

and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts One, Two, and Three), and one

count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §

922(g) (Count Four). In October, 2013, Judge Chatigny sentenced Spruill principally to 120

months' imprisonment. We address here Spruill's challenges to the sufficiency of the evidence

introduced at trial to prove him guilty of the crimes charged in Counts One, Two, and Four, and

the procedural reasonableness of his sentence. In a supplemental *pro se* brief Spruill also argues

that proof of a defendant's knowledge of 'drug type' is a predicate element of the drug-related

offenses for which he was convicted.[1] As noted above, we address in a separate opinion

accompanying this order Spruill's argument that the district court improperly dismissed and

replaced one of the jurors before deliberations were completed.  We assume the parties'

familiarity with the underlying facts, procedural history, and issues on appeal. For the reasons

stated below, we affirm.

---

[1] On March 4, 2015, after this case was argued, Spruill's appellate counsel moved for leave to allow Spruill to file a supplemental *pro se* brief. This Court granted the motion and subsequently received and has considered Spruill's supplemental brief and the Government's response.

Spruill contends that when viewing the evidence in the light most favorable to the government, a reasonable juror could not find him guilty beyond a reasonable doubt on Counts One, Two, and Four. We review *de novo* the sufficiency of the evidence supporting a conviction. *United States v. Anderson*, 747 F.3d 51, 59 (2d Cir. 2014). This Court exercises an "exceedingly deferential standard of review" when reviewing sufficiency challenges to a jury verdict. *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). The defendant seeking to overturn a jury's finding bears a "heavy burden" because we must draw all reasonable inferences in the Government's favor and "uphold the conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (internal quotations omitted). "The ultimate question is not whether *we believe* the evidence adduced at trial established defendant's guilt beyond a reasonable doubt, but whether *any rational trier of fact could so find*." *United States v. Corbett*, 750 F.3d 245, 250 (2d Cir. 2014) (quoting *United States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998).

To overturn his conviction under 21 U.S.C. § 841(a)(1) Spruill must show that the government failed to produce sufficient evidence to prove beyond a reasonable doubt that he knowingly and intentionally possessed a controlled substance with the specific intent to distribute it. *See United States v. Gore*, 154 F.3d 34, 45 (2d Cir. 1998). Spruill argues that because the confidential informants involved in the June and August 2012 controlled purchases did not testify, the government failed to demonstrate that an exchange between Spruill and the informants actually occurred, and thus no reasonable juror could find beyond a reasonable doubt that he knowingly possessed a controlled substance. After reviewing the evidence, we conclude that a rational trier of fact could find that Spruill had the intent to distribute and did distribute cocaine and crack cocaine on the dates in question. The detectives who engineered both

controlled purchases testified at trial in detail about the confidential informants, the logistics of the sting operation, and the cocaine that was purchased from Spruill. Although the confidential informants' testimony would have contributed to the weight of evidence, the testimony was not necessary for a reasonable juror to find that Spruill intended to distribute and actually distributed cocaine when engaging in the June and August 2012 purchases.

To overturn his conviction under 18 U.S.C. § 922(g) Spruill must show that the government failed to produce sufficient evidence to prove beyond a reasonable doubt that he either actually or constructively possessed a firearm. *United States v. Gaines*, 295 F.3d 293, 300 (2d Cir. 2002). Constructive possession "exists when a person has the power and intention to exercise dominion and control over an object, [which] may be shown by direct or circumstantial evidence." *Id.* (alternation in original) (quoting *Payton*, 159 F.3d at 56). "[U]nder constructive possession, an individual can possess a gun . . . without ever physically handling the firearm . . . . [and] possession need not be exclusive." *Id.* Spruill argues there was insufficient evidence to prove that he constructively possessed the firearms that were found in the attic of 18 Glover Place. We disagree. The Government produced evidence that Spruill regularly stored his belongings in the attic; that additional garbage bags were found in the attic containing Spruill's clothing; and that nearby garbage bags were found in the attic containing a bulletproof vest, three handguns, and four boxes of ammunition. The jury also heard testimony that the firearms did not belong to the building's tenant—Spruill's girlfriend. This evidence provided a sufficient basis for a rational trier of fact to find beyond a reasonable doubt that Spruill had the "power and intention to exercise dominion and control over" the firearms found in the attic. *Id.* (quoting *Payton*, 159 F.3d at 56).

Spruill contends that his sentence is procedurally unreasonable because the district court erred in calculating his Guidelines sentencing range when it failed to consider the applicability of our decision in *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008). A procedural error in sentencing occurs when a district court "(1) fails to calculate the Guidelines range; (2) is mistaken in the Guidelines calculation; (3) treats the Guidelines as mandatory: (4) does not give proper consideration to the statutory sentencing factors; (5) makes clearly erroneous factual findings; (6) does not adequately explain the sentence imposed; or (7) deviates from the Guidelines range without explanation." *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (internal quotation omitted). When an alleged error has not been raised below, this Court reviews the district court's sentencing determination for plain error. *See United States v. Olano*, 507 U.S. 725, 733–34 (1993); *United States v. Zillgitt*, 286 F.3d 128, 131 (2d Cir. 2002)

In *Savage* we applied the two-step modified categorical approach to determine that an *Alford* plea to a violation of CONN. GEN. STAT. § 21a-277(b) did not qualify as a conviction of a controlled substance offense under U.S.S.G. § 4B1.2(b) such that it could be considered when imposing an enhanced sentence. *Savage*, 542 F.3d at 964. We held that CONN. GEN. STAT. § 21a-277(b) was not categorically a controlled substance offense under the guidelines and that the *Alford* plea could not support a finding that the defendant necessarily committed the underlying acts that constituted a predicate offense. *Id.* at 964–65. Spruill previously pled guilty to the sale of narcotics and the possession of narcotics with the intent to sell in violation of CONN. GEN. STAT. § 21a-277(a). Although these offenses are not categorically controlled substance offenses under the Guidelines, the district court's decision to consider these convictions as predicate offenses for a career offender enhancement was not procedurally unreasonable if Spruill's plea

"necessarily rested on a fact identifying the conviction as a predicate offense." *Id.* at 964 (internal quotation omitted).

Based on the record before us, the district court properly calculated Spruill's Guidelines range because the plea colloquy in Spruill's prior state proceedings demonstrated that his guilty plea "rested on a fact identifying the conviction as a predicate offense." *Id.* The transcript from Spruill's September 11, 2003 state court proceeding describes in sufficient detail that his convictions were based upon actual possession and sale of crack cocaine and thus went beyond a "mere offer to sell." *Id*. at 965. Spruill admitted as much, and at no point during the state proceeding did Spruill voice an objection to the prosecutor's recitation of the facts supporting the two convictions. In the district court, the Pre-Sentence Report ("PSR") referenced and relied upon the state court transcript. During sentencing Spruill's counsel did not object to the accuracy of the PSR, and Spruill agreed and did not contest that he qualified as a career offender under the Guidelines. We hold, therefore, that the district court did not commit procedural error when calculating Spruill's sentence because the court properly classified Spruill's prior state convictions as predicate offenses for a career offender enhancement consistent with our guidance in *Savage*.

Finally, Spruill argues in a supplemental post-argument *pro se* brief that because neither a grand jury nor petit jury made a finding as to the identification of the controlled substance he possessed, his drug-related convictions should be overturned. This argument is meritless. To the extent Spruill argues that the grand jury and petit jury did not determine that the controlled substances involved were cocaine and crack-cocaine, that argument is belied by the specific charges in the indictment and by the notations on the jury verdict form. To the extent he argues the government was required to charge and prove that he had knowledge of the specific drug

type he possessed and distributed in violation of 21 U.S.C. § 841, this is not the law. *See United States v. Andino*, 627 F.3d 41, 46 (2d Cir. 2010). Spruill's argument fails on both the facts and the law.

We have considered Spruill's remaining arguments and find that they are without merit.[2]

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] We decline to decide Spruill's ineffective assistance of counsel claim. "When faced with a claim for ineffective assistance of counsel on direct appeal, we may [] decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255." *United States v. Morgan*, 386 F.3d 376, 383 (2d Cir. 2004) (internal quotation omitted). We are "generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004).