18-2010-cr
United States v. Sinek

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of January, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RAYMOND J. LOHIER, JR.,
                 *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

                 v.                                         18-2010-cr

CHARLES RAINER SINEK,

                 *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Vinoo P. Varghese, New York, N.Y.

Appearing for Appellee:      Rajit S. Dosanjh, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Charles Sinek appeals from the judgment of conviction entered on June 26, 2018 by the United States District Court for the Northern District of New York (Sharpe, *J.*) following his conviction after trial on one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). He was principally sentenced to 87 months' imprisonment, a three-year term of supervised release and ordered to forfeit $164,025. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Sinek first argues that the district court committed reversible error by not distributing a written copy of its duress charge to counsel prior to charging the jury as required by Federal Rule of Criminal Procedure 30. Assuming the district court's actions violated Rule 30, Sinek cannot show the requisite prejudice, because the jury instructions were correct and because they did not contradict Sinek's arguments related to the duress instruction. *See United States v. Eisen*, 974 F.2d 246, 256 (2d Cir. 1992). Moreover, the jury being excused for 14 minutes is plainly not enough to establish prejudice against Sinek or his counsel.

In this Circuit, a defendant seeking to prove the affirmative defense of duress must show: "(1) a threat of force directed at the time of the defendant's conduct; (2) a threat sufficient to induce a well-founded fear of impending death or serious bodily injury; and (3) a lack of a reasonable opportunity to escape harm other than by engaging in the illegal activity." *United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir. 2005). "A defendant must make some showing on each element, including the element that the defendant lacked a reasonable means to escape the threatening conduct by seeking the intervention of the appropriate authorities." *Id.* (internal quotation marks omitted). The district court correctly charged the jury that "[t]he phrase 'unlawful, present, imminent and impending' excludes both prior threats and threats of future harm." Gov't App'x at 442; *see, e.g., United States v. White*, 552 F.3d 240, 247 (2d Cir. 2009) (immediate danger to defendant ended once defendant knocked the gun out of potential assailant's hands and ran out the door); *id.* (collecting cases). It is well established that a defendant must show that there was "a threat of force directed *at the time of the defendant's conduct*." *Gonzalez*, 407 F.3d at 122 (emphasis added); *see also United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997) ("The availability of the duress defense in this case turns on the point in time as to which the defendant faced imminent danger and lacked an opportunity to avoid the danger except by committing an unlawful act."); *United States v. Podlog*, 35 F.3d 699, 704 (2d Cir. 1994) (defendant in conspiracy case was "required to demonstrate that the necessary threatened force was present at the time of his agreement to participate in the conspiracy").

The district court's charge as to the third element, that Sinek "lacked a reasonable opportunity to escape harm other than by engaging in the illegal activity[,]" was also correct. *Gonzalez*, 407 F.3d at 122. Sinek argues that "a reasonable person" would be one with Sinek's knowledge about the alleged ongoing threats. Appellant's Br. at 41. However, *Gonzalez* stands squarely for the proposition that a defendant's "subjective belief that going to the police would have been futile is insufficient to demonstrate that she had no reasonable alternative but to violate the law." 407 F.3d at 122.

2

Nor do we find any merit to Sinek's challenges to his sentence. In reviewing a sentence for substantive and procedural reasonableness, we employ "a particularly deferential form of abuse-of-discretion review." *United States v. Cavera*, 550 F.3d 180, 188 n.5 (2d Cir. 2008). A procedural error in sentencing occurs when a district court "(1) fails to calculate the Guidelines range; (2) is mistaken in the Guidelines calculation; (3) treats the Guidelines as mandatory; (4) does not give proper consideration to the [statutory sentencing] factors; (5) makes clearly erroneous factual findings; (6) does not adequately explain the sentence imposed; or (7) deviates from the Guidelines range without explanation." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). When an alleged procedural error has not been raised below, the district court's sentencing determination is reviewed for plain error. *See United States v. Zillgitt*, 286 F.3d 128, 131 (2d Cir. 2002).

Sinek's principal argument is that the district court was hostile toward him and his counsel, and failed to properly consider duress or diminished capacity to support either a downward departure or a variance from the Guidelines range. Sinek points to the district court's comments regarding the jury's rejection of the duress defense as evidence that the district court failed to appreciate that it could consider duress on sentencing. The sentencing colloquy makes clear that the district court appreciated the difference between duress as a defense and duress as a sentencing consideration. The district court simply did not credit either Sinek's contention that he acted under duress, or the evidence Sinek put forth regarding his diminished capacity, stating "I totally reject those arguments. I reject them because I sat and listened to the proof in this case." App'x at 563.

We have considered the remainder of Sinek's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3