15-556-cr
United States v. Jafari

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand sixteen.

PRESENT: REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                              No. 15-556-cr

NINA JAFARI, AKA Fatemeh Jafari,
*Defendant-Appellant.*

---------------------------------------------------------------------

APPEARING FOR APPELLANT:     JAMES C. KNOX, E. Stewart Jones Hacker Murphy, LLP, Troy, New York.

APPEARING FOR APPELLEE:     MICHAEL DIGIACOMO, Assistant United States Attorney (Richard D. Kaufman, Assistant United States Attorney, *on the brief*), *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

1

Appeal from a judgment and order of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 15, 2015, and the forfeiture order entered on February 24, 2015, are AFFIRMED.

After a jury trial in 2014, defendant Nina Jafari was convicted of four counts of health-care fraud. See 18 U.S.C. § 1347. On appeal, Jafari challenges the (1) sufficiency of the evidence supporting her convictions, (2) introduction of certain evidence, (3) effectiveness of counsel, (4) procedural and substantive reasonableness of her 30-month prison sentence, (5) $125,000 forfeiture order, and (6) $135,742.18 restitution order. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Sufficiency Challenge

We review a sufficiency challenge de novo and must affirm the conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Binday, 804 F.3d 558, 572 (2d Cir. 2015). In conducting such review, we are mindful that "[d]irect evidence is not required" and that "the government is entitled to prove its case solely through circumstantial evidence, provided, of course, that the government still demonstrates each element of the charged offense beyond a reasonable

2

doubt." United States v. Lorenzo, 534 F.3d 153, 159 (2d Cir. 2008) (internal quotation marks omitted).

Jafari argues that the government failed to carry its burden to show that she executed a fraudulent health-care scheme with the requisite mens rea. The argument fails because a jury could reasonably conclude from Jafari's recorded statements that she knowingly intended to defraud Blue Cross Blue Shield of Western New York ("BCBS"). In these statements, Jafari (1) encouraged a patient not to talk to the insurer, (2) told the patient to withhold from the insurer a calendar reflecting the dates of the patient's appointments with Jafari, (3) offered to provide the patient with information to report to the insurer, and (4) instructed the patient to claim on an insurance survey that all of the patient's sessions with Jafari were 75 to 80 minutes in length. See Gov't App'x 513–52.

Further proof of culpable knowledge and intent was provided by five of Jafari's patients, who (5) testified that Jafari's billing records—ultimately submitted to the insurer—did not reflect the services they received. Moreover, (6) two patients testified that their signatures had been forged on BCBS claim forms. See id. at 238, 240, 242, 326–27, 329. Fraudulent intent was corroborated by evidence that Jafari (7) failed promptly to respond to BCBS's request for patient files, see Trial Tr. 235; (8) billed BCBS for unlikely patient sessions on Easter Sunday and Christmas, see id. at 212; and (9) twice billed BCBS for 20 hours of patient sessions on a single day, see id. at 213. From the totality of this evidence, a reasonable jury could certainly have concluded that Jafari knowingly and intentionally defrauded BCBS.

3

2.    Amendment of Indictment

a.    Uncharged Billings

Jafari asserts that evidence of billings not charged in the indictment constructively amended the indictment. A defendant claiming constructive amendment must demonstrate that evidence and jury instructions so modified essential elements of the charged offense "that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." United States v. D'Amelio, 683 F.3d 412, 416 (2d Cir. 2012) (internal quotation marks omitted). That is not this case.

The indictment charged Jafari with five counts of health-care fraud under 18 U.S.C. § 1347, each linked to particular billings. The challenged billings, although not charged in the indictment, were part of the same fraudulent scheme and fell within the "core of criminality" of which Jafari had notice. Id. at 417 (internal quotation marks omitted); see United States v. Dupre, 462 F.3d 131, 140–41 (2d Cir. 2006) (concluding that prosecution did not constructively amend indictment where "evidence at trial concerned the same elaborate scheme to defraud investors as was described in the indictment"). Thus, as the district court reasonably determined, such evidence was properly admitted to provide jurors with a complete account of the fraud scheme and to demonstrate Jafari's culpable intent. See Fed. R. Evid. 403, 404(b); United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000). The district court carefully charged the jury that to find Jafari guilty of any of the counts alleged in the indictment, it had to be

4

persuaded unanimously and beyond a reasonable doubt that she perpetrated the charged fraud by means of the particular billing alleged in each count. This ensured that uncharged billing did not constructively amend the indictment.

Indeed, the court's instruction also ensured that the billings evidence did not mislead the jury as to the charged crimes so as to cause a prejudicial variance. See United States v. Salmonese, 352 F.3d 608, 621–22 (2d Cir. 2003).

b. Outstanding Judgments

Jafari also identifies variance in the government's mention during its opening statement of two outstanding judgments against her. The argument fails because no evidence concerning those judgments was admitted at trial and the district court instructed the jury that opening remarks are not sources of evidence. See Trial Tr. 25; United States v. D'Amelio, 683 F.3d at 417 (explaining that "variance occurs when the charging terms of the indictment are left unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment" (emphasis added) (internal quotation marks omitted)).[1]

3. Ineffective Assistance of Counsel

a. Advice as to Right to Testify

Jafari faults trial counsel for failing to advise her of her right to testify. While the preferred means for addressing ineffective assistance claims is a motion pursuant to 28

---

[1] Nor did the government violate the district court's pretrial order by referencing the outstanding judgments in its opening statement. Indeed, the district court expressly overruled Jafari's objection to the government's remark.

U.S.C. § 2255, <u>see</u> <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003), we can review such a claim on direct appeal where, as here, no record development is necessary to resolve the challenge, <u>see</u> <u>United States v. Gaskin</u>, 364 F.3d 438, 468 (2d Cir. 2004). Here, it is "beyond any doubt" that this ineffectiveness claim is meritless because the record indicates that Jafari's counsel did, in fact, advise her of her right to testify. <u>United States v. Gaskin</u>, 364 F.3d at 468 (internal quotation marks omitted). Indeed, trial counsel represented to the district court that he spoke to Jafari "<u>several</u> times about her own testimony." Trial Tr. 438 (emphasis added). Appellate counsel submits that these conversations were not conclusive because trial counsel then stated, "And we had discussed about potential witnesses, and I <u>wanted to go over</u> with my client her right to testify." <u>Id.</u> (emphasis added). The urged inference is belied by the record, which indicates that counsel had in fact completed the necessary discussion and received his client's decision: "She has indicated to me that she will not be testifying, therefore, the defense would be resting." <u>Id.</u> at 438–39.

Further, the district court itself advised Jafari,

> [T]here are a lot of decisions made throughout the course of the trial that are left to your attorney. But the decision . . . whether or not to testify is one that is solely and exclusively within the power of the defendant to make. And, so, therefore, your attorney has indicated that you intend not to testify. Is that in fact your decision . . . ?

<u>Id.</u> at 439. Jafari not only confirmed that she had decided not to testify, but also told the district court that she had had "sufficient time to confer" with her lawyer about the decision. <u>Id.</u> Accordingly, Jafari cannot satisfy either the objectively unreasonable

6

representation or ensuing prejudice requirements of Strickland v. Washington, 466 U.S. 668 (1984).

> b.  Failure to Raise Meaningful Defense

Jafari also faults counsel for failing to raise a meaningful defense.  The record strongly indicates that counsel's decisions regarding cross-examination and the pursuit of certain defenses could "be considered sound trial strategy" falling "within the wide range of reasonable professional assistance."   Id. at 689 (internal quotation marks omitted). Further, given the weight of the evidence supporting Jafari's conviction, it would appear difficult for Jafari to show that she was prejudiced by counsel's defense decisions.   See id. at 692–94 (explaining that prejudice requires showing of "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").   Nevertheless, because this challenge may depend on further record development, we do not conclusively resolve the question now, but, rather, dismiss it, leaving Jafari to decide if she wishes to pursue it on a § 2255 motion.   See United States v. Doe, 365 F.3d 150, 154 (2d Cir. 2004).

4.  Sentencing Challenges

We review a challenged sentence for "'reasonableness,' 'a particularly deferential form of abuse-of-discretion review' that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)."   United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012) (quoting United States v. Cavera, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (en banc)).

7

a.      Procedural Reasonableness

Jafari maintains that her sentence is procedurally unreasonably because the district court failed "fairly and fully [to] consider all of the factors listed in 18 U.S.C. § 3553(a)." Appellant's Br. 37; see United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013).   We identify no such error, let alone plain error.   See United States v. Zillgitt, 286 F.3d 128, 131 (2d Cir. 2002).   The record reflects the district court's meticulous examination of each of the § 3553(a) factors.   See Sentencing Tr. 45–48; United States v. Cassesse, 685 F.3d 186, 192 (2d Cir. 2012) (explaining that appellate court will "accept" that requisite § 3553(a) consideration occurred "[a]s long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable" and "nothing in the record indicates misunderstanding about such materials or misperception about their relevance" (internal quotation marks omitted)).

Jafari nevertheless argues that the district court's failure properly to consider her personal history and characteristics, see 18 U.S.C. § 3553(a)(1), is evident from its statement that "there should not be a disparity in sentencing based on someone's social or economic background," Sentencing Tr. 47.   When the statement is read in context, however, it is clear that the district court was not dismissing the history and characteristics of the defendant out of hand, but only acknowledging that a defendant's socioeconomic status is generally "not relevant in the determination of a sentence." U.S.S.G. § 5H1.10.

8

Jafari's claim that the district court placed undue emphasis on the need for deterrence also fails because "[t]he weight to be afforded any . . . § 3553(a) factor[] is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006). For reasons explained in the succeeding subsection, the sentence here imposed was substantively reasonable.

b.    Substantive Reasonableness

In arguing that her sentence is substantively unreasonable, Jafari bears a heavy burden because we will set aside a sentence on that ground "only in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted); see United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009) (explaining that substantive reasonableness review "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law"). That is not this case.[2]

Jafari was sentenced to 30 months' imprisonment, within the Guideline range applicable to her case. While we do not presume that a within-Guidelines sentence is

_____

[2] Although Jafari did not raise her substantive challenge in the district court, we have not yet decided whether plain error review applies to such an unpreserved challenge. See United States v. Thavaraja, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not here decide that question because, regardless of the standard of review, Jafari's challenge fails on the merits.

9

substantively reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d at 27. Nothing in the record of this case warrants a different conclusion. After considering the mitigating circumstances raised by Jafari, the district court nonetheless concluded that a 30-month imprisonment sentence was sufficient but not greater than necessary because, in committing this fraud, Jafari "took advantage of [her] patients," "engaged in a number of efforts to st[ymie] [the insurer's] investigation," and "attempt[ed] to influence [a patient] . . . to lie to the investigators." Sentencing Tr. 47. Under these circumstances, we cannot conclude that Jafari's sentence was substantively unreasonable. See United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing broad range of sentences that can be considered substantively reasonable).

5.      Forfeiture Order

Jafari faults the district court for imposing forfeiture based on uncharged and acquitted conduct. Where, as here, a defendant objected to a forfeiture order in the district court, we review the district court's finding of facts for clear error and its legal conclusions de novo. See United States v. Sabhnani, 599 F.3d 215, 261 (2d Cir. 2010).

In United States v. Capoccia, this court held that "where the government has alleged discrete violations of a statute that does not criminalize a scheme, conspiracy, or enterprise, the government is not entitled to forfeiture of proceeds from uncharged violations regardless of whether they and the charged violations are part of a common

10

scheme." 503 F.3d 103, 110 (2d Cir. 2007). In so holding, Capoccia specifically distinguished the statute there at issue, 18 U.S.C. § 2314, from 18 U.S.C. § 1347, acknowledging that § 1347 criminalizes a scheme and, accordingly, the government may be entitled to unlawful proceeds derived from "additional executions of [a § 1347] scheme not specifically charged as substantive counts, but which fall within the boundaries of the overall scheme." Id. at 117 (internal quotation marks omitted). Similarly, in United States v. Fruchter, 411 F.3d 377, 384 (2d Cir. 2005), this court recognized that proceeds stemming from acquitted conduct can be forfeitable if the government meets the preponderance standard. This precedent defeats Jafari's challenge to an order requiring her to forfeit the unlawful proceeds of uncharged and acquitted conduct found by a preponderance to have been committed in furtherance of the proved health-care scheme.

To the extent Jafari argues that the $125,000 forfeiture amount is speculative, the argument fails because we have recognized that "[t]he calculation of forfeiture amounts is not an exact science," and requires estimation. United States v. Treacy, 639 F.3d 32, 48 (2d Cir. 2011). Thus, in assessing forfeiture, courts "need only make a reasonable estimate of the loss, given the available information," and are "permitted to use general points of reference as a starting point for calculating the losses or gains from fraudulent transactions and may make reasonable extrapolations from the evidence established by a preponderance of the evidence at the sentencing proceeding." Id. (internal quotation marks omitted).

11

Here, the record reflects that the district court examined three different extrapolation methodologies and concluded that all three supported a forfeiture judgment of at least $125,000. See United States v. Jafari, 85 F. Supp. 3d 679, 695 (W.D.N.Y. 2015) (explaining that "if approximately half of Defendant's patient base was comprised of families, and most of the charges for those families were submitted using [individual session code] 90808, then at least half of the payments to Defendant for [session] code 90808 would be fraudulent").[3] Because this sum was a reasonable estimate of Jafari's unlawful gains, we identify no clear error in the amount of the forfeiture order.

6.     Restitution Order

Jafari also challenges the $135,742.18 order of restitution as speculative. We review an order of restitution for abuse of discretion, and identify none. See United States v. Gushlak, 728 F.3d 184, 190 (2d Cir. 2013) (stating standard of review). As with forfeiture, a restitution calculation is not required to be "mathematically precise," id. at 195 (internal quotation marks omitted); it need only be a "reasonable approximation . . . supported by a sound methodology," id. at 196. Given Jafari's failure accurately to keep records, the district court's restitution calculation was both reasonable and conservative. See United States v. Jafari, 104 F. Supp. 3d 317, 326–27 (W.D.N.Y. 2015) ("[I]n calculating the . . . restitution figure, Defendant was provided with the benefit of the doubt and it was assumed that she provided services on the dates indicated

---

[3] The reasonableness of this forfeiture figure is underscored by Jafari's representation to the district court that "an appropriate loss amount for sentencing purposes is in the range of $120,000 to $200,000." United States v. Jafari, 85 F. Supp. 3d at 692.

12

by her billings when, in fact, the evidence plainly demonstrated that this was not always the case."). Thus, we discern no error—much less clear error—in the district court's restitution calculation. Accordingly, Jafari's challenge to the restitution amount fails.

7. Conclusion

We have considered Jafari's remaining arguments and conclude that they are without merit. We, therefore, AFFIRM the judgment and order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court